Wheeler, J.
It is not perceived on what ground the evidence offered was rejected. No reason for its rejection is disclosed by the bill of exceptions. It is now insisted, however, that it was rightly rejected for two reasons : 1st. Because the account, representing- the plaintiff's claim, as presented to the administrator, was not sufficiently certain; 2d. Because the action was barred by the statute of limitations. The object of the pz-esentation of the claim to the administrator is to afford him an opportunity to admit it, if he conceives it just, aud to settle it in the due course of administration. The law requires that it shall be accompanied by an affidavit of its justice, and it prescribes what the affidavit shall contain; but it does not prescribe the form in which the claim shall be presented or represented to the administrator. All that ought to be required, we think, is that it be so presented as to inform the administrator of the nature of the claim, in order that he may be enabled to judge of the propriety of admitting it. If not sufficiently informed by the representation made to him, it is to be supposed that the administrator will resort to other means of information. To require, in the presentation of claims, all the sxjeciaity and certainty of pleading in judicial proceedings, would greatly embarrass the bearers of claims against estates, and would frequently result in injury and injustice to the holders of just demands. It is not to be expected nor should it be required of every holder of a claim to employ legal counsel to advise him in what form to present his claim to the administrator for allowance. The plaintiff might have described with more particularity the character of his demand; but we do not think it essential to ins right of action. There is no reason to suppose that the claim was rejected by the administrator on any such ground as this. None such is suggested in his answer. And to permit this objection, now first taken, when it. is too late to obviate it by amendment, to prevail, would work a manifest injustice. The petition states the cause of action with all the requisite certainty and specialty; and its sufficiency was not questioned by exception. We see no reason for rejecting the evidence in the supposed want of specialty in the description of the claim in the account presented to the administrator.
Nor is there any reason for the rejection of the evidence perceived in the fact that the defendant had pleaded the statute of limitations. There is no plea or pretense that the cause of action was barred as between the plaintiff and defendant in this action. But in his plea the defendant avers that the cause of action, as against the plaintiff, was barred by the statute of limitations of the State of Arkansas at the time of the institution of suit against him in that State, and that consequently he might have successfully resisted a recovery, &c. Tlie defendant having- thus pleaded the bar of the statute of limitations of the State of Arkansas, it devolved on him to prove it. This court has repeatedly decided that it will not judicially take notice of the laws of other States, hnt they must he averred and proved as other facts. Whether, therefore, the defendant’s plea was true or not, was a matter which the court could not judicially knbw, hut which it devolved on the defendant to prove. The court could not, of course, have acted on the assumption of the truth of the plea. That presented matter oE defense which it rested with the defendant to establish.
We are of opinion that the court erred in rejecting the evidence offered by the plaintiff. The depositions excluded may he obnoxious to the objection, as to some of the matters deposed to, that they are secondary evidence, offered without accounting for the non-production of the better evidence; hut, if this was the ground of the objection, it ought to have been specially assigned.
The judgment is reversed and the cause remanded for further proceedings.
Reversed and remanded.
Norn? 35. — Dunn v. Sublett, 14 T., 521; Shelton v. Berry, 10 T., 154.