ALMIRA GEORGE AND OTHERS v. COLEMAN WATSON.

Under the Act of 1840, (Hart. Dig. Art. 1030,) a mere temporary residence in any county did not give the Court of that county exclusive jurisdiction to grant administration on the estate of a decedent ; it must have been a " fixed domicil or residence."

An allegation that a deceased person, on whose estate administration was opened, under the Act of 1840, in Red River county, resided at the time of his death in Lamar county, and that his last place of residence was in Lamar county, is not a sufficient allegation of fact, to show that the Court of Red River county did not have jurisdiction ; it should have been alleged that the residence in Lamar county was " fixed ;" that being the language of the Statute.

George v. Watson.

Where the petition for letters of administration, under the Act of 1840, in Red River county, described the deceased as "late of Lamar county," and was filed as part of the petition in which it was alleged that the last place of residence of the deceased was in Lamar county, it was held not to be sufficient to show that the deceased had a "fixed" residence in Lamar at the time of his death.

Under the Act of 1840, it was sufficient allegation, to give the Probate Court jurisdiction, *prima facie* at 1 ·ast, to allege that the deceased had property in that county.

In a suit by the heirs of a deceased person to set aside a sale by the administrator on the ground of fraud, brought against a person other than the purchaser at the administrator's sale, it is not sufficient to charge fraud on the part of the administrator and the purchaser at the sale by ·him, but it must at least be alleged that the defendant. (who was assumed to be a subsequent purchaser under said sale,) had notice of the fraud.

The Act of 1848 to regulate proceedings in the County Court in relation to the estates of deceased persons, does not require or seem to contemplate the service of a citation or notice upon the heirs, of an application by the administrator for an order to sell real estate to pay debts ; and the want of such notice did not invalidate the sale, on general principles.

The purcaser at an administrator's sale is not bound, in matters that do not go to the jurisdiction, to look beyond the decree of the Court.

Appeal from Grayson. Tried below before the Hon. William S. Todd.

Petition of the widow and heirs of Fleming George, some of whom were minors, filed March 16th, 1855, alleging as follows :

That Fleming George who then resided in the county of Lamar and State of Texas, departed this life sometime in the year A. D., —— ; that said Fleming was the husband of Almira George, one of petitioners, and the ' father of the said Eliza Wilson, William, James, Martha. Charles, and Robert George, who are all heirs at law of the said Fleming George, deceased, and plaintiffs in this suit. Said plaintiffs state that said Fleming George, at the time of his death, was the owner by purchase of one undivided half of one league and labor of land, the same being the half of the headright of Robert Nall, and situated in Grayson county, Texas, on the waters of the

east fork of the Trinity river ; they state that said league survey is bounded as follows : [Here follows a description of the land.]

Plaintiffs state that by a decree of the District Court of Red River county, said league and labor of land has been divided amongst the owners and pretended owners of the same, and that the eastern half, twenty-three hundred and two acres and a half has been allotted off as the land sold by the said Robert Nall to Fleming George ; and they state that they are satisfied with the division so made, so far as the quality of the land is concerned. All of which will appear by reference to a certified copy of the records of the District Court of Red River county, of said partition of land which is here referred to ; plaintiffs state and show, that on the 10th day of September, A. D., 1851, Coleman Watson, who is a resident of Grayson county and State of Texas, wrongfully and unlawfully entered upon eleven hundred and fifty-one and a half acres of said eastern part of said league and labor of land, so as aforesaid set apart as the half belonging to said George's heirs, and did then and there and continually from that day up to the commencement of this suit, hold forcible possession of the same, and did then and there cut down and haul away three thousand oak trees, and make the same into rails, and one thousand elm trees, one thousand pecan trees, fifty board trees, (over cup oak ;) all of the value of one thousand dollars. They state that they are informed that said defendant pretends to claim said land through some title derived from Bennett H. Martin, deceased, derived through the sale of said land by one James Hefferfinger, pretending at the time to be the administrator of said Fleming George, deceased: They further state that the sale of said Hefferfinger was fraudulently procured to be made, and said plaintiffs state and aver that said Hefferfinger never was the legal administrator of said Fleming George, deceased, and that all his acts as such are void as against these plaintiffs. They further state and charge, that said sale of said land, by

the said Hefferfinger, was made and procured illegally and fraudulently, and was made in the county of Red River, at a distance of more than one hundred miles from the said land, and without any authority of law to do so. And petitioners state and show, that said land so fraudulently and illegally procured to be sold by said Hefferfinger as such pretended administrator, was sold for the sum of ten cents per acre, amounting to the sum of $230 25-100, for 2302½ acres of choice land, which sum or any part thereof has never been accounted for by the said James Hefferfinger. Said tract of land thus fraudulently sold was purchased by Bennett H. Martin, who had been the principal adviser and attorney at law for said Hefferfinger as such pretended administrator, when in fact and in truth said land was well worth one dollar per acre ; and that said price is inadequate ; and that said sale ought to be set aside as null and void, and fraudulent and illegal ; and all of which matters and things will fully appear by reference to the proceedings of said Probate or County Court of Red River county, and the records of the acts and doings of said Hefferfinger in said Court. Plaintiffs state that said 2302½ acres of land, at the time of the purchase of the same by the said Fleming George, was community property ; and that Almira George, the widow of said Fleming George, deceased, is entitled to an undivided interest in the same, with the children and heirs of said George. Plaintiffs aver and charge, that they never had any notice of an application for an order to sell the land at the time the order was procured by the said Hefferfinger, as such pretended administrator, to sell said land as aforesaid ; and that said order was procured and said sale was made without any notice ever having been given to these petitioners whatever. Plaintiffs say they are damaged to the amount of $5000. Hence they sue and pray that all the right and interest of the said defendant, Coleman Watson, may be decreed to be fraudulent and illegal, and that all the right, title and interest of the said Fleming George, deceased, be forever vested in plaintiffs, as

such heirs and owners of said tract of eleven hundred and fifty-one and one half acres of land, so as aforesaid claimed by the said defendant, and that they may have such damages as are right in the premises ; that they may have judgment for the same ; they pray for all relief that may seem equitable and just in the premises, and that process may be awarded, and that defendant be cited to appear and answer, and as in duty bound, will ever pray, &c.

Amendment filed May 1, 1854, alleging as follows :

That the said Fleming George, whose last place of residence was in Lamar county, in the State of Texas aforesaid, departed this life about the —— day of ———, in the year 1842, and that on the — day of January, 1843, the said James Hefferfinger filed his petition in the Probate Court of Red River county, praying that letters of administration might be granted to him on the estate of the said Fleming George, and at the February Term of said Probate Court, in the year 1843, was by the order of said Probate Court, appointed administrator of said estate, as will more fully appear by reference to a transcript of the proceedings of said Probate Court, which is here marked exhibit A, and prayed to be taken as a part hereof. Your petitioners further state that at the April Term of said Probate Court, in the year 1843, the said James Hefferfinger, obtained an order of said Court to sell all the perishable property of the estate of the said Fleming George, and in pursuance thereof he sold a part of said perishable property, amounting to the sum of $1111 12½ ; and aftewards, to-wit: on the —— day of December, 1843, filed his petition in said Probate Court, stating among other things, that he had in his possession sundry assets belonging to the estate of Fleming George, to-wit : " about one hundred pounds of wool, three hundred bushels of corn, and five thousand pounds of seed cotton ;" and praying for an order of said Probate Court to sell said property, which order was granted according to the prayer of said petition. And your petitioners further show

George v. Watson.

unto your Honor, that on the 29th day of May, 1844, the said James Hefferfinger filed in the Probate Court of Red Diver county aforesaid, a list of debts coming to the estate of Fleming George, and also an account of claims that had up to that time been presented to him for allowance, by which it is shown that he then had in his hands claims due said estate amounting to the sum of $1675 50, and that the claims against said estate amounted to the sum of $976 72, showing a balance in the hands of the said James Hefferfinger of $698 58 over and above all claims against said estate, besides the value of the wool, corn and cotton above mentioned.

Your petitioners further state that notwithstanding the said James Hefferfinger had the large balance of money and claims for money above mentioned, in his hands at the time of his office of administrator of the estate of said Fleming George, would have expired by the limitation of law, if he had been legally appointed such administrator ; yet the said James Hefferfinger, without any order of said Probate Court, extending the time of his administration of said estate, made application to said Probate Court, at the September Term thereof, in the year 1848, for an order to sell land to pay debts against said estate ; and thereupon said Court proceeded on the same day the application was made, to order and decree that the one-half the league and labor of land which was purchased by the said Fleming George from the said Robert Nall and wife, a part of which tract is now claimed and occupied by the said Coleman Watson, be sold by the said James Hefferfinger to pay the debts of said estate, and under the order thus fraudulently obtained, the said James Hefferfinger afterwards sold said tract of 2302½ acres of land to one Bennett H. Martin, who had been his legal adviser in said administration, and who knew well that there were no debts against said estate. In consideration whereof, your petitioners pray that the order of the Probate Court of Red River county aforesaid, may be declared to be void and without effect to pass the title to said land ; that the

title to said tract of land may be declared to be in your peti-
tioners, as the widow and the heirs of the said Fleming
George ; that said Coleman Watson may account for the use
and occupation of said land, and for any waste that he has
committed thereon ; and that your petitioners may have such
other and further relief as the facts and circumstances may
require ; and will ever pray, &c.

. Exhibit A showed petition of Hefferfinger to the Probate
Court of Red River county, February 7th, 1843, representing
" that Fleming George, late of Lamar county, died intestate,
and having property in Red River county," and praying let-
ters of administration on his estate. Advertisement ; oath ;
bond ; letters of administration. Proceedings from time to
time, until 1848, when the administration was required to
give a new bond in the sum of $10,000. At September Term,
1848, petition for sale to pay debts, and order for sale of the
land now in controversy. At April Term, 1849, an order re-
citing report of sale of said land to Bennett H. Martin, and
order of confirmation thereof.

General demurrer by defendant and special grounds, as
follows :

1st. Plaintiffs ask by an action of trespass to try title
against this defendant, to revise and correct the judgment and
proceedings of the County Court of Red River, in the matter
of the estate of Fleming George, deceased.

2nd. Plaintiffs by their petition and exhibits show that de-
fendant is in possession under judgment of a Court of compe-
tent jurisdiction, and they attempt collaterally to attack that
judgment.

3d. Plaintiffs charge fraud and combination on the part of
James Hefferfinger, the administrator of George, deceased,
and Bennett H. Martin, his attorney, and lay the same as
grounds to impeach the judgment of the Court, selling the
land when neither the said Hefferfinger or Martin are made
parties to this proceeding.

The defendant also filed pleas which are not now material. October 31st, 1855, this day came the parties by their attorneys, and submitted the issues of law in this case to the Court; wherefore because it seems to the Court that the plaintiffs have not stated such a cause of action in their petition, as to entitle them to any judgment : It is therefore ordered, &c.; judgment for defendant.

*H. Dillahunty*, for plaintiffs in error. I. In the Court below it was contended by the counsel for the defendant, that the petition is insufficient in not alleging that Fleming George had a " fixed " domicil or residence in Lamar county at the time of his death ; and for the want of this one word, the demurrer was sustained. But was it not the intention of the Legislature by the use of the word " fixed," to distinguish between a residence, as that word is commonly understood, and that temporary residence that is acquired by a mere sojourner in the land ? To my mind it seems very clear that such was the intention of the makers of the law, and it seems equally clear that the second clause of the Article above cited admits of no other interpretation. That clause is in these words : " in the county where the deceased owned real estate, if he had neither domicil nor residence in the Republic ; thus showing that if the deceased had a domicil or residence in the Republic at the time of his death, the Probate Court of the County in which his domicil or residence was situated, alone had jurisdiction to appoint his administrator. I conclude, therefore, that this case, as presented by the record, shows all that this Court requires to know, for the purpose of determining that the Probate Court of Red River county had no jurisdiction over the estate of Fleming George, or right to appoint an administrator thereof. Kinne, in his Law Compendium, Vol. 1, page 390, says : " That if administration be granted to the wrong person, it is only voidable, but if in a wrong county, it is void." Starkie, in his work on evidence, states

the same principle thus : " For when administration is granted to the wrong person, it is only voidable, but when it is granted in a wrong diocese, it is wholly void." (1 Starkie Ev. 318 ; and see also 5 Pick. R. 201, Holyoke v. Hawkins ; Taylor's N. Carolina R. 105, Collins v. Turner ; Buller, N. P. 141.) In 4 Phillips' Ev. Cowen & Hill's notes, page 65, it is stated, in reference to sales made by administrators under the order of Probate Courts, that " the purchaser shall not be bound to look to the matters previous to the decree, or judgment, except to jurisdiction and parties ; " and see the same book, page 69, where it is said that " you may in these cases, as in all others, adduce evidence to disprove jurisdiction.

With respect to judgments, properly so called, the law proceeding on the maxim *"interest reipublicæ ut sit finis litium,"* will regard them as conclusive upon all points directly involved in them and necessarily determined ; and this whether the tribunals rendering them are clothed with limited or general powers. But note that all that is said as to the conclusiveness of judgments must be understood with this proviso, that the Court rendering the judgment had jurisdiction ; for if a Court transcends the limits which the law has prescribed, and presumes to act where it has no jurisdiction, its decrees will be utterly void, and entitled to no consideration, either as evidence or otherwise. (4 Phillips' Ev. Cowen & Hill's notes, page 12 ; 2 Mass. R. 122–3 ; 7 Id. 85–6 ; 1 Comyn's Dig., title ADMINISTRATOR, B. 5.) " A want of jurisdiction in the Court pronouncing the judgment, sentence, or decree, may always be set up when it is sought to be enforced, or when any benefit is claimed under it, and the principle that ordinarily forbids the impeachment, or contradiction of a record, has no sort of application to the case." (4 Phillips' Ev. Cowen & Hill's notes, pp. 273–4, citing 9 Cow. R. 227 ; 19 Johns. R. 33 ; 15 Id. 141 ; 1 Conn. R. 429 ; 1 Dallas, 261 ; 3 Wheaton, 234, note C.)

In the case of Munson v. Newson, 9 Tex. R. 109, this Court

George v. Watson.

decided that, under the Act of 1848, (Hart. Dig. 478,) the appointment of a guardian by the Chief Justice of any other county than that of the minor's residence is absolutely void.

" Unless a Court has jurisdiction, it can never make a record which imports uncontrollable verity to the party over whom it has usurped jurisdiction, and he ought not, therefore, to be estopped by any allegation in that record, from proving any fact that goes to establish the truth of a plea, alleging the want of jurisdiction." (Per Marcy Judge, in Stewart v. Murray, 5 Wend. R. 148 to 158 ; 4 Phillips' Ev. Cowen & Hill's notes, Cap. 3, note 112, p. 272,)

The petition filed by Hefferfinger in the Probate Court of Red River county, praying for letters of administration on the estate of Fleming George, shows on its face that the Court he applied to had no jurisdiction in the case. That petition " represents that Fleming George, late of Lamar county, died intestate, having property in Red River county,"and " asks for letters of administration upon the estate of said decedent." To say that Fleming George, late of Lamar county, died intestate, is but a short way of stating that Fleming George was a resident of Lamar county at the time of his death, and that he died intestate ; the meaning, it seems to me, is precisely the same. The words " of the county of Jefferson," annexed to the names of the parties, are a sufficient averment of their residence under the Statute.— (Weaver v. Baily, 7 Tex. R. 517.) " A judgment given of a thing out of the jurisdiction of a Court of local or limited jurisdiction, is absolutely void, and advantage may be taken of it in pleading, without rverseal by writ of error. (2 Lev. 23, Frampton v. Peters.) " Where the Court in which judgment was obtained had cognizance of the cause, the judgment (at most) is only erroneous ; but if the Court had no jurisdiction it is void. (Buller's N. P. 66 ; Wales v. Willard, 2 Mass. R. 120.) In the case of Fisk v. Norvell, 9 Tex. R. 13, this Court decided that it may be proved in a collateral proceeding that the Probate Court had no jurisdiction.

II. The plaintiffs have alleged that the order of sale was obtained by false suggestions and fraud, and if this is shown to be true by the procedings in the Probate Court, the order is void on that ground, as fraud avoids all judicial acts. (1 Starkie Ev. 250, citing Lord Coke ; 13 Mass. R. 157, 507 ; 15 Johns. R. 121 ; 19 Id. 144 ; 1 Starkie Ev. 260.)

III. It is believed there is still another ground upon which the demurrer should have been overruled. The petition alleges that the plaintiff had no notice of the application for the order of sale, and that it was made by the Court on the same day it was applied for by Hefferfinger. If they had the right to be made parties to the proceedings in the Probate Court before that Court passed on the administrator's application, an order made without giving them notice, cannot be allowed to affect their interest. (1 Starkie Ev. 214, 217.) This right to be made parties depends upon the construction this Court may give to the Act to regulate proceedings in the County Courts pertaining to the estates of deceased persons, passed 29th of March, 1848, (Hart. Dig. 355.) This Act, (Art. 1163,) it is admitted, does not in terms require that persons interested in an estate, shall be made parties to a proceeding instituted by an administrator to procure an order to sell the property of such estate ; and this brings up two questions presented by the petition, namely : Do the terms of said act imply that those who are interested in an estate, shall have notice of an application by the administrator for an order to sell the property of the estate, for the payment of debts, before the order is made? Do the terms of said Act authorize or allow the Probate Judge, to grant an order to sell the property of an estate, to pay debts, on the same day the application is made, in the absence of all who are interested in such estate, and without having given them notice of application ? In deciding these questions it will be necessary to examine the different provisions made by the Act referred to. Article 1169 enacts " that when an application is made to the Chief Justice for an order.

to sell any property belonging to the estate of a deceased person, for the payment of debts, any person interested in such estate may, at any time before an order is made thereon, file his opposition in writing to such sale; or may make application in writing for the sale of other property of the estate, and upon hearing the matter in controversy, the Chief Justice shall make such order thereon as the circumstances of the case may require," &c. Art. 1236 enacts "that in all cases where a party shall file any application, &c., under the provisions of this Act, and on the trial thereof he shall be defeated, or fail in the object for which his complaint, &c., was filed, he shall be liable for all costs," &c. By Art. 1240, it is made the duty of the Clerk to receive and file all applications, complaints, petitions, and all other papers permitted or required to be filed, &c., and sign his name to such endorsement, and he shall issue all necessary notices, citations, writs and process, without any order from the Chief Justice, unless such order is required by this Act. And by Art. 1244, " the rights, powers and duties of executors and administrators shall be governed by the principles of the Common Law, when the same do not conflict with the provisions of this Act." I have cited so much, and such parts of the Act as I suppose will be required in determining the questions under consideration. It is seen that any person interested in the estate of a deceased person has the right to file his opposition to the application of the administrator for an order of sale; and that this opposition may be filed at any time before the Court has ordered the sale. Is not the right to file opposition made nugatory, if the administrator may, by an *ex parte* proceeding, procure a valid order of sale? And would the Legislature have given the right to file opposition at any time before the order is made, if it was intended that the application and order of sale may legally be made in the same hour? These are important questions, and have not as yet been answered by a decision of this Court. If a party has the right under this Statute to file

his opposition to the application of an administrator for an order of sale, it seems to me that his right to have notice of the application follows as an incident to his right to oppose. Such, as I understand it, is a plain rule of the Common Law, and there is nothing in the Statute that negatives the rule; on the contrary, it is believed that Art. 1240, before cited, has particular relation to the proceeding under discussion. " A thing which is within the intention of the makers of the Statute, is as much within the Statute as if it were within the letter." (6 Bacon's Abridg. 384.) " Such construction ought to be put upon a Statute as does not suffer it to be eluded." (Id. 391.) " Wherever the provision of a Statute is general, everything that is necessary to make such provision effectual is supplied by the Common Law." (Id. 369.) Apply these rules of construction to the Statute, and unless I am mistaken, the heirs of Fleming George cannot be bound or affected by the judgment or decree of the Probate Court in a case to which they were not made parties by process, and in which the record shows they did not appear, for " it is an elementary rule and principle of justice, that no man shall be bound by the act, or admission of another, to which he was a stranger." (Starkie's Ev. 214.) " If a Justice should give judgment without process or appearance, the whole would be void, and might be questioned collaterally." (Per Spencer, C. J. in Bigelow v. Stearns, 19 Johns, 41 ; 4 Phillips' Ev. Cowen & Hill's notes, 191.)

*J. T. Mills,* for defendant in error. I. The language of the Statute is, " if he had a fixed domicil or residence in the Republic." The Legislature certainly meant something by prefixing the qualifying word " fixed " to that of domicil or residence.

But there is another important allegation in the petition to the Probate Judge. The expression is that Fleming George, " late of Lamar county, died intestate, and having property

in the county of Red River." Are there not many circumstances under which a man could have a residence in Lamar, without having a fixed domicil? Everything is to be presumed in favor of the correctness of the record, where the Court has jurisdiction of the subject matter. The plaintiff having failed to allege that Fleming George at his death had a fixed domicil or residence in any particular county, are estopped from the inquiry at this day into the correctness of this judgment of the Court. It is to be presumed that if George at his death had a fixed domicil or residence in Lamar county, his widow and children must have been aware of it, and should have so charged it. We must presume that it was not so from the fact that they have not in their pleadings so charged. " It is a maxim in pleading that everything shall be taken most strongly against the party pleading, or rather, if the meaning of the words be equivocal, and two meanings present themselves, that construction shall be adopted which is most unfavorable to the party pleading, because it is to be presumed that every person states his case as favorably to himself as possible." (Chitty's Plead. 237.)

II. That plaintiff had no notice of the sale or application therefor. It was not necessary that they should have. (Hart. Dig. Art. 1162.)

III. The fraud of the Act in the procurement of the order of sale. This cannot affect the title of defendant to the land in suit. The plaintiff shows that he is a remote purchaser from a purchaser at the administrator's sale, and no charge is made as against him of any participation in the fraud alleged to have been practised. He is an innocent purchaser without notice.

WHEELER, J. The law under which administration was granted upon the estate of the intestate, provided that the succession should be opened, " in the County where the deceased resided, if he had a fixed domicil or residence in the

Republic ; in the county where the deceased owned real estate, if he had neither domicil nor residence in the Republic ; or in the county in which the principal effects of the deceased are, if he leave effects in different counties ; or in the county in which the deceased has died, if he has no fixed residence, nor any immoveable effects within the Republic at the time of his death." (Hart. Dig. Art. 1030.) The petition alleges that the residence of the deceased was in Lamar county ; but it does not allege that that was his permanent or fixed residence, or that he had any "fixed domicil or residence in the Republic." It is admitted that it was for the want of such averment that the Court sustained the demurrer. It is clear that a mere temporary residence in any county did not give the Court of that county exclusive jurisdiction to grant administration on the estate of a decedent ; it must have been a fixed domicil or residence. It was upon the condition that the deceased had such fixed domicil or residence in the Republic, that the right to grant administration of his estate was vested exclusively in the Court of the county of his residence, by the Statute ; and that must be shown, to exclude the right of another Court to grant administration. And it would seem to follow as a consequence, applying the principle to this case, that in the absence of any averment that the defendant had such fixed domicil or residence in any county other than that in which the succession was opened, the petition did not state sufficient to exclude the Court of that county of its jurisdiction to grant administration for causes other than that of residence. The maxim in pleading that every thing shall be taken most strongly against the party pleading, because it is to be presumed that he has stated his case as favorably to himself as possible, is certainly applicable to such a case as this. It is fair to conclude that when the opinion of the Court was given against the plaintiff on the demurrer, he would have amended, by averring that the deceased had a fixed or permanent residence in the county of Lamar, or elsewhere in the

Republic, if he could have done so consistently with the fact. It was not too late to amend ; for it appears by the record that the parties had appeared and submitted the issues of law only to the Court. There was nothing to prevent the plain. tiff from obviating the objection by amendment, if the fact would have warranted the averment ; and if, as we must suppose, it would not, there clearly was no error in holding the petition insufficient to show a want of jurisdiction in the county where the succession was opened.

The petition to the Probate Court, on which administration was granted, does not show that the deceased had his fixed domicil in Lamar, or any other county in the Republic ; but it avers that he had property in Red River county. If it was real estate,—and that was matter of proof before the Court,— and he had not a fixed domicil elsewhere, the Court in that county might rightfully take jurisdiction and grant administration of his estate. If he had a fixed domicil elsewhere, it should have been averred by the plaintiffs in their petition. As it was not averred, and as the plaintiffs did not amend when it was their right to do so, the Court did not err in holding the petition insufficient in so far as it sought to annul the judgment of the Probate Court for the want of jurisdiction.

It is not denied that the defendants were innocent *bona fide*. purchasers ; nor is there any averment charging them with fraud, or with notice of the alleged fraud of the administrator and first purchaser. And it is well settled that a *bona fide* purchaser without notice of the fraud of the original grantor will not be affected by it. (Barnes v. Hardeman, 15 Tex. R. 366.)

The alleged want of notice to the plaintiffs, of the order of sale, was not a ground for setting aside the sale made by the administrator. The Act of 1848, under which the order was obtained, does not require or seem to contemplate the service of a citation or notice upon the heirs in such a case. The want of it did not invalidate the sale, on general principles.

(Grignon v. Astor, 2 Howard, 319.) The Court had jurisdiction to order the sale without it ; and to this, and the other objections to the want of regularity in the proceedings of the Probate Court, it must be answered, that nothing is better settled upon principle and authority, than that, where the Court upon which is conferred jurisdiction over testate and intestate' estates, had jurisdiction to order a sale, its judgment cannot be impeached for error or irregularities in its proceedings, in a collateral action. The purchaser at the sale is not bound to look beyond the decree of the Court. (Ib.; Thompson v. Tolmie, 2 Peters, 157 ; McPherson v. Cunliff, 11 Serg. & R. 422 ; 13 Georgia, 21 ; Lynch v. Baxter, 4 Tex. R. 431 ; Burdett v. Silsbee, 15 Tex. R. 604; Id. 557 ; Alexander v. Maverick, 18 Id. 179.)

We are of opinion that the plaintiffs by their petition did not show any sufficient ground for annulling and setting aside the title of the defendant in this action ; and consequently that the Court did not err in sustaining the demurrer. The judgment is therefore affirmed.

Judgment affirmed.