### J. D. GILLMORE, ADM'R, V. H. F. DUNSON AND ANOTHER.

1. An affidavit for the authentication of a claim against a decedent's estate must contain the requisites prescribed by the statute; and if it fail to do so, the allowance of the claim by the administrator, or its approval by the probate judge, can give it no effect or validity.

2. An affidavit for the authentication of a claim against a decedent's estate averred that " all legal payments and credits " had been allowed, but omitted to mention " offsets" in the same connection. *Held*, that the affidavit is fatally defective by reason of the omission, and that the district court could acquire no jurisdiction of a suit based on the claim thus defectively authenticated, although the rejection of the claim by the administrator assigned a different reason and took no exception to the affidavit. (Paschal's Digest, Articles 1309 and 1310.) The case of Walters v. Prestige, 30 Texas, 66, cited and approved.

APPEAL from Colorado. Tried below before the Hon. L. Lindsay.

So far as the rulings made in this case are concerned,

the facts are fully indicated in the head-notes. The appellant was the administrator *de bonis non* of Wm. Harbert's estate, against which the claim was asserted. When presented to him for allowance, he rejected it on the ground of his belief that it had been settled with the former administrator of the estate. The court below held the authentication sufficient, and the appellees, Dunson and wife, recovered judgment; from which defendant appealed.

*Harcourt & Harcourt*, for the appellant.—We contend that the district court do not acquire jurisdiction of this cause, because the claim was not "properly authenticated."

It is contended by the opposing counsel that the word "offsets" is comprehended in the words "credits and payments," as used in the affidavit.

The legal definition of the word will not authorize this construction.

Set-off is thus defined by Webster : 1. "That which is set off against another thing ; an offset.

"Law—A counter claim ; a cross debt or demand ; a distinct claim filed or set up by the defendant against the plaintiff's demand.

"Set-off differs from reduction and recoupment, as the latter generally grow out of the same matter or contract with the plaintiff's claim, while the former grows out of distinct matter, and does not of itself deny the justice of the plaintiff's demand."

The affidavit being defective, according to the ruling of Walters v. Prestige, 30 Texas, no endorsement by the administrator of allowance or rejection could authorize the suit to be brought, or confer jurisdiction on this court.

The counsel have referred to the syllabus of the case

of Hansell v. Gregg, 7 Texas, 223, declaring that the administrator cannot at the trial set up another reason for rejecting the claim ; but it will be found that the court did not decide, or announce such a rule.

The case of Shelton v. Berry, 19 Texas, 154, is also referred to, and an examination will show that it has no sort of application to the present question.

As this is a question of jurisdiction, it is always favorably considered by the court ; and if it appear from the face of the record that the claim was not "properly authenticated," the administrator was in no fault in rejecting it, and the plaintiff had no right to sue.

And upon this point alone we ask the court to decide the question and reverse and dismiss the cause.

*Darden*, for the appellees.—It is assigned as error that the court "admitted in evidence the claim sued on, without its being properly authenticated." The affidavit alleges that "all legal payments and credits known to affiant have been allowed," — omitting the word "offsets," which occurs in the statute. (Pasch., Art. 1309.) The authority relied on is Walters v. Prestige, 30 Texas, page 65. It will be observed that in that case only the word "credits" is used ; and on page 73 the court say, "The term credits, in its most comprehensive sense, as distinguished from 'debit,' might be held to embrace all that is necessary ; but it has another and more restricted meaning, which would narrow it down to a signification nearly synonymous with payments ; which clearly would not fulfill the requirements of the statute, as in this sense it does not include offsets." But the affidavit now before the court uses both words, "credits" and "payments,"—so that, by fair construction, the word "credits" ought to be taken in the larger sense, comprehending offsets.

Again, the rejection by the administrator is not general, but special. He says, "The above claim is hereby rejected by me, believing that the same has been settled with the former administrator." He cannot, therefore, at the trial set up another reason for rejecting the claim. (See Hansell v. Gregg, 7 Texas, 223; Shelton v. Berry, 19 Texas, 154.)

It should be remembered, also, that this is not merely a suit on a claim under the statute ; but is in the nature of a bill in equity to correct a mistake,—the petition of plaintiff pointing out to defendant all the sources of information.

OGDEN, J.—The statute prescribes certain requisites for an affidavit, made to authenticate a claim for money against an estate of a deceased person, and declares, in effect, that if any claim be allowed by an administrator, or approved by the court, without an affidavit containing the necessary requisites, such an allowance or approval shall be of no force or effect. The statute requires that the affidavit shall state that the claim is just, and that all legal offsets, payments and credits have been allowed. The affidavit made to the justness of the claim sued on in this cause fails fully to comply with the statute in this respect. It neither uses the language of the statute, nor its equivalent. And in following the decision in Walters v. Prestige, 30 Texas, 66, we feel bound to decide that the district court had no jurisdiction of the cause.

The judgment is therefore reversed, and the cause dismissed.

REVERSED AND DISMISSED.