M. A. GASTON, ADM'R, v. JAMES MCKNIGHT.

1. CLAIMS AGAINST AN ESTATE—LIMITATION.—The presentation of an abstract of a judgment showing its date, amount, rate of interest, names of parties, and authenticated by the proper oath of the holder to the administrator of the estate of the defendant, is a sufficient presentation to put in operation the limitation of ninety days, within which suit is required to be brought after its rejection.

2. SAME—AFFIDAVIT TO CLAIM AGAINST ESTATES.—The affidavit prescribed by the probate law of 1848 (Paschal's Dig., art. 1309) is substantially the same as that required by the probate law of 1870. (Paschal's Dig., art. 5650.)

3. SAME.—It is not necessary, under the probate law either of 1848 or of 1870, to present a certified copy of a judgment to the administrator for allowance.   The act of 1853 (Paschal's Dig., art. 14) is directory, and does not change the general probate law governing the presentation of claims.

APPEAL from Cherokee.   Tried below before the Hon. R. S. Walker.

*Bonner* and *Whitaker & Robertson*, for appellant, cited

Trigg *v.* Moore, 10 Tex., 199; Crosby *v.* McWillie, 11 Tex., 96; Cherry *v.* Speight, 28 Tex., 517; Dunn *v.* Sublett, 14 Tex., 527; Shelton *v.* Berry, 19 Tex., 155; Hansell *v.* Gregg, 7 Tex., 228.

*Sam A. Willson,* for appellee.

This suit was brought by McKnight against Gaston, as administrator of West, to establish a claim against the estate of West, which claim had been rejected by the administrator. The claim was a judgment of the District Court of Cherokee county, rendered against West in his lifetime. During the pendency of the suit McKnight died, and John A. Boyd, as next friend of the minor children of McKnight, was made party plaintiff. The administrator, Gaston, pleaded in bar of the suit that the claim had long since been presented to him, and rejected by him, as administrator aforesaid, and that suit to establish the same had not been instituted within three months after said rejection, &c.

I. The *only* mode of establishing a judgment for money against the estate of a deceased person is by presenting a *certified copy of the judgment* to the executor or administrator. (Paschal's Dig., art. 14; Birdwell *v.* Kauffman, 25 Tex., 192.)

II. No holder of a claim for money against the estate of a deceased person shall bring a suit to establish the same unless the claim, *properly authenticated,* has been presented to the legal representative of the estate, and by him rejected in whole or in part. (Paschal's Dig., art. 1310.)

III. The *only certified copy of the judgment* ever presented to the administrator in this case was the one upon which this suit is based. The claim, which he insists he previously rejected, was *not* a *certified copy,* and was *not* a *properly authenticated claim,* and the presentation thereof and the rejection of the same by the administrator amounted simply to nothing, and cannot be set up as a bar to a

claim *properly authenticated* under the statute, as was the one now before the court.

IV. The statute (Paschal's Dig., art. 1311) which requires suit to be brought within three months after the rejection of a claim cannot, in this case, avail the appellant, for the reasons before stated.

IRELAND, ASSOCIATE JUSTICE.—This suit was instituted by McKnight to establish a judgment against the estate of West, which had been recovered by Marlow in 1860. On the 4th day of September, 1871, this claim was presented to the administrator for acceptance or rejection, in the following form:

"In District Court, September Term, 1860.

"The State of Texas, }
  *Cherokee County.* }

"D. M. Marlow        }
        *v.*           } 1456.
M. L. & B. B. West, }

"Judgment against defendant for three hundred and eighty $\frac{39}{100}$ dollars.

"Execution stayed until first of March, 1862. Interest at 10 per cent. per annum. Plaintiff having died before judgment, the judgment was rendered in favor of James M. Swansan, administrator of the estate of D. M. Marlow.

"The estate of M. L. & B. B. West
                    "To Jas. McKnight,              Dr.,
Judgment September 24, 1860, specie------------ $380 39
Interest at 10 per cent--------------------------- 307 21
Probate fees------------------------------------       75

                                                  $688 35
"Amount due October 26, 1868, besides costs of suit in District Court.

"The State of Texas, }
   *Cherokee County.* }

"This day appeared before the undersigned authority, Jas. McKnight, who, after being sworn in due form of law, says that he is the proper owner and controller of the attached described judgment, rendered in September, 1860, against M. L. & B. B. West, for the sum of three hundred and eighty $\frac{39}{100}$ dollars, bearing ten per cent. interest from date of judgment; that the claim is just, and all legal offsets, payments, and credits known to affiant have been allowed; that the said amount specified in the said judgment, as shown by the record of the District Court of Cherokee county, is a subsisting claim against the estates of M. L. & B. B. West, deceased.

"JAS. McKNIGHT.

"Subscribed and sworn to before me this 26th October, 1868.

"T. T. ALLEN, *Clerk C. C. C. C.*"

Then follows:

"This claim has been examined, and is rejected this 4th September, 1871.

"M. A. GASTON,<br>"*Adm'r of estate of B. B. West & M. L. West.*"

On the 3d day of June, 1874, this suit was brought on what the plaintiff alleges is a duly certified copy of the judgment against the Wests, which certified copy, he says, is attached to and made part of the petition. He alleges that the judgment, properly sworn to, was presented to the administrator on the —— day of May, 1874, and that the administrator refused to either accept or reject it.

The defendant, among other matters, pleads the original presentation in 1871, its rejection and failure to sue within three months, general denial, &c.

The copy of the judgment is not made part of the petition, as alleged. There does appear, however, in the state-

ment of facts a duly-certified copy, sworn to by plaintiff on the 19th of March, 1874; and the plaintiff proves its presentation to the defendant, and his refusal to make any indorsement thereon.

The form of oath appended to the claim when first presented was that prescribed by the law of 1848, but it was not presented to the administrator until after the law of 1848 had been repealed. The oath attached to the claim when last presented is that prescribed by the law of 1870, and after that law had been superseded by the act of May 27, 1873.

The court below charged the jury that the three months' limitation was not a subject for their consideration; that the claim when first presented was not duly authenticated.

There was a verdict and judgment for plaintiff, and defendant appealed. The charge of the court with reference to the three months' limitation is assigned as error, and this raises the question whether the first presentation to the administrator was in substantial compliance with the law.

Two points are pressed upon the court by appellee why the judgment should not be disturbed:

1st. It is contended that the affidavit to the original claim was not such as the law required, and therefore there was no legal presentation, and that the statute was not put in motion by its rejection. (Crosby *v.* McWillie, 11 Tex., 95.)

It is believed that the form of affidavit used under the law of 1848 and appended to this claim embraces substantially the requirements of the law of 1870, and it was so held by this court at the last term at this place.

But it is contended by appellee, secondly, that the first claim presented was not a certified copy of the judgment against West, and therefore not in proper form, and we are referred to the case of Birdwell *v.* Kaufman, 25 Tex., 189, to support this view. That was a case of *scire facias*

to *revive* a judgment against an administrator.  That case was decided on the authority of the law governing proceedings in the District Courts.  Formerly judgments might be revived in that way, but after the passage of the act of 1853 (Paschal's Dig., art. 14) judgments that had been recovered before the death of the original defendant stood upon the same footing with other claims against an estate.  It has been the practice to make oath in due form to these judgments as in other cases, and the profession has regarded the oath as necessary to a judgment as to an account; yet if the act of 1853, discussed in Birdwell *v.* Kaufman, is to be taken literally, and it alone is to be looked to in presenting a judgment to an administrator, then no oath need be attached, inasmuch as it is not expressly required by that act.  It seems very clear that the act of 1853 was passed mainly to relieve the District Courts of the revival of judgments by *scire facias.*  The remedy, after *scire facias* was taken away, would have been complete, under the probate law, without the direction given in the act of 1853 for obtaining certified copies of judgments and presenting them to the administrator.

We regard the provision in the act of 1853 as merely directory, and that it was not the intention of the Legislature to change in any manner the mode of presenting claims to an administrator.

We are not to suppose that under our constitutional requirements as to the mode of passing laws, and of there being but one object which should be expressed in the title, that the legislature would, in a bill to regulate proceedings in the District Court, undertake to alter or interfere with a general probate system in regard to the settlement of estates.  (Cannon *v.* Hemphill, 7 Tex., 184.)

The law very clearly does require that when a claim is presented to an administrator that it shall be in a shape so as to apprise the trustee of the nature and character of the claim—that is, whether an account, note, bond, bill of ex-

change, covenant broken, &c.—and when this is done the requirements of the law will be complied with. (11 Tex., 94; Trigg *v.* Moore, 10 Tex., 199; Dunn *v.* Sublett, 14 Tex., 531.)

If the rejection of a claim by an administrator is in general terms, specifying no reason, then in a suit to establish it the administrator can make no objection to the form or manner of presentation.

If he will reject a claim on that ground he must so specify, or he will be precluded, and in his defense he will be compelled to defend for want of merit. (See authorities above.)

This being the rule by which administrators are bound, it would seem to follow necessarily that when a claim is presented and rejected in general terms that the holder could not lay it aside and wait a number of years, and then make out another claim and a new affidavit and bring suit. When it was first rejected in this case, in general terms, the holder could have instituted his suit on the claim as thus presented, and in such suit the administrator could not have been heard to say that the claim had not been properly presented. The three months' limitation was put in motion by the first rejection, and the ruling of the court on this point was error, for which the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.