W. S. STRICKLAND, ADMINISTRATOR, V. M. SANDMEYER, ADMINISTRATRIX, ET AL.

Decided May 31, 1899.

**1. Practice on Appeal—Statement of Facts.**

A statement of facts will not be stricken out for a failure to file it in time, where the delay was caused by the failure of the trial judge to return it in time after it had been submitted to him for approval. Rev. Stats., art. 1382.

**2. County Court—Jurisdiction in Probate.**

Since the county court is one of general jurisdiction, its order appointing an administrator de bonis non is not subject to collateral attack unless the record, on its face, discloses a want of jurisdiction.

**3. Same—Administrator De Bonis Non—Appointment.**

Where an administrator de bonis non was appointed on the death of the administrator without closing up the estate or accounting for funds belonging to it, and the judgment appointing him recited that there was a necessity for his appointment, such judgment could not be collaterally attacked on the ground that all claims against the estate had been paid.

**4. Administration—Verification of Claim.**

A verification of a claim against an estate which fails to state that the account is just, or that the facts stated in the affidavit are known to the affiant, is insufficient. Rev. Stats., art. 2072.

**5. Parties—Action Against Sureties Where Principal Is Dead.**

Where an administrator is dead an action for funds misappropriated may be maintained against the sureties on his bond without joining his administratrix or alleging the insolvency of his estate. Articles 1204 and 3818, Revised Statutes, construed.

APPEAL from Colorado. Tried below before Hon. H. TEICHMULLER.

*J. W. Munson,* for appellant.

*M. H. Townshend, Geo. McCormick,* and *W. L. Adkins,* for appellee.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by appellant, as administrator of the estate of Mary Jane Gordon, deceased, to recover of Mrs. Sandmeyer, administrator of the estate of E. J. Sandmeyer, deceased, and the heirs of J. H. Simpson and R. L. Foard, certain sums of money amounting to the sum of $6135.72, which it was alleged had been collected and appropriated by E. J. Sandmeyer while acting as administrator of the estate of Mary Jane Gordon. It was alleged that J. H. Simpson and R. L. Foard were the sureties on the bond of E. J. Sandmeyer as administrator, and that J. H. Simpson was dead and his estate had passed into the hands of the heirs who were made parties. R. L. Foard is shown to have died after the trial in the lower court. Pleas in abatement, on the ground that the claim presented to estate of E. J. Sandmeyer was not properly verified, and that the appointment was void of the administrator de bonis non of the estate of Mary Jane Gordon, were heard upon the facts and sustained by the court.

Appellees have filed a motion to strike out the statement of facts on the grounds that the same was not agreed to by appellees; that it was not

approved by the judge in the time provided by law; that the statement of facts is not a correct copy of the one on file with the district clerk, and on the ground that appellant has not assigned as error the failure of the judge to approve the statement of facts. The second and fourth grounds are the only ones that require notice by this court. This cause was tried on September 14, 1898, before Judge H. Teichmuller, sitting in the place of Judge Kennon of that district. Immediately after the cause was tried counsel for appellant prepared the statement of facts, embodied in this record, and presented it to counsel for appellees, who made additions with a pencil and signed their names to the statement with the understanding that their signatures were made only on the condition that such additions were made a part of the statement. Appellant could not agree to the additions, and endeavored to get appellees to agree to the statement with the additions stricken out. In this he failed. The court adjourned for the term on October 1st, and on October 3d appellant sent the statement of facts to the trial judge at Lockhart, Texas, where he was holding court. He received it on the 4th, but retained it and did not return it until November 1st, when it was filed by the clerk. In the record appears the certificate of Judge Teichmuller to the effect that he received the statement of facts on October 1st, and that press of business at Lockhart prevented him from returning the same until November 1st, and he certifies that it was not the fault of the attorney that appellant did not get the statement of facts filed in time. Appellant brings himself within the scope of article 1382, Sayles' Statutes. It is provided in the article referred to that: "Whenever a statement of facts shall have been filed after the times respectively prescribed in the preceding articles 1377, 1378, and 1379 of this chapter, and the party tendering or filing the same shall show to the satisfaction of the Supreme Court or Court of Civil Appeals that he has used due diligence to obtain the approval and signature of the judge thereto, and to file the same within the time in this chapter prescribed for filing the same, and that his failure to file the same within said time is not due to the fault or laches of said party or his attorney, and that such failure was the result of causes beyond his control, the Supreme Court or Court of Civil Appeals shall permit said statement of facts to remain as part of the record, and consider the same in the hearing and adjudication of said cause the same as if said statement of facts had been filed in time."

In the case of Hilburn v. Preston, 32 Southwestern Reporter, 702, it was held by this court that the statute in question was not applicable to a statement of facts prepared by the judge, but in this case the statement was prepared by appellant, and was approved by the judge. The statement of facts will be considered by this court.

The only question presented by the statement of facts is as to the authority of the administrator de bonis non to institute the suit, and in the judgment it is recited that the appointment of the administrator was void because "at the date of making such order, no debts of any kind existed against said estate, nor was the estate indebted to anyone; that the

said estate and the property thereof had long before that time been fully administered by its former administrator, E. J. Sandmeyer, and that nothing remained to be done by said former administrator but to turn over the property of the said estate then in his possession to Paul T. Gordon, the only heir of said Mary Jane Gordon, deceased, who was of full age and laboring under no legal disability."

The county court is one of general jurisdiction, and its orders and judgments made concerning matters about which it has authority under the law to decide, can never be collaterally impeached. Withers v. Patterson, 27 Texas, 491. It is also held in that case, and it is supported by text books and decisions, that where the record of a court of general jurisdiction names facts that give it jurisdiction, or is silent on such subjects, it will ·be presumed that it had jurisdiction, and its judgments are not open to collateral attack. George v. Watson, 19 Texas, 369; Fishback v. Young, 19 Texas, 515; Giddings v. Steele, 28 Texas, 750; Simmons v. Blanchard, 46 Texas, 266; Guilford v. Love, 49 Texas, 715; Chapman v. Brite, 4 Texas Civ. App., 506. In the case of Martin v. Robinson, 67 Texas, 368, it is held "when the judgment or decree of such a court is collaterally called in question, that it will be deemed valid unless it appears that no facts could have been shown which would render it so."

In the judgment appointing the administrator de bonis non, it is recited that a necessity existed for his appointment, and there is nothing upon the face of the record that indicates that the court did not have jurisdiction. We conclude, therefore, that the order of appointment was not subject to collateral attack. If it could be held that the judgment of the County Court was void because the debts were all paid, still the recital of the judgment of the trial court that there were no debts is not supported by the facts, because it appears that the fee of Waelder & Upson for $50 was allowed as a valid claim against the estate, and there was no proof that it had ever been paid, and the fees of Riley, county judge, had not been paid. In considering the matter of the appointment of an administrator de bonis non, it must be kept in mind that it is not the opening of a new administration upon an estate but merely a continuation of a former administration. Todd v. Willis, 66 Texas, 704; Dwyer v. Kalteyer, 68 Texas, 554. Appellees in their brief treat this case as though it was a new administration taken out after another had closed, and cite as authority the cases of Fisher v. Norvel, 9 Texas, 15, and Withers v. Patterson, above cited, in both of which cases the administration had been closed by the probate court. Here we have an administration pending, the administrator had died without closing up the estate or obtaining any order of discharge, and these facts, together with the fact that the deceased administrator had died indebted very largely to the estate, are made known to the County Court and an administrator was appointed to continue the administration. It does not matter how long the administration had been pending; it was still unclosed. The application for the appointment of another administrator may have failed to state that debts

were pending, but that was not necessary in an, application for the appointment of an administrator de bonis non. In the case of Williams v. Verne, 68 Texas, 414, the present chief justice of the Supreme Court rendering the opinion, it is said that it was sufficient "to represent to the court that the estate is not fully administered, without the allegations named in the statute for an application for an original grant of letters." See also Kleinecke v. Woodward, 42 Texas, 311.

The statute granting authority to appoint an administrator de bonis non is not made dependent upon the existence of debts against the estate, and the Supreme Court in the case of San Roman v. Watson, 54 Texas, 254, says: "An administration de bonis non is in legal effect the continuance of the previous administration, and we do not say but that in a proper case such letters could be granted though the estate might not then be indebted." If such be the law, we are of the opinion that no more proper case could be found than one in which large sums belonging to the estate have been collected and not accounted for or distributed by the former administrator. The court had the authority to appoint an administrator to close up the affairs of the esate, and if necessary to sue the representatives of the former administrator for the funds he owed the estate. "That the remedy can be more conveniently and certainly exercised through the succeeding administrator than when left to the heirs or creditors is quite apparent." Dwyer v. Kalteyer, above cited.

We are of the opinion that the affidavit made to the claim by the administrator de bonis non against the estate of the former administrator is insufficient. It is required in article 2072, that when a claim against an estate is presented to an executor or administrator, it will not be allowed unless it is accompanied by affidavit that "the claim is just and that all legal offsets, payments, and credits known to affiant have been allowed;" and it is further provided, that if the affidavit is made by any other person than the owner, it shall also state that the affiant is cognizant of the facts contained in his affidavit. Not only did appellant fail to swear positively that the account was just, but also failed to state that the facts contained in the affidavit were known to him. The claim was not, therefore, properly verified and could not form the basis of a judgment against the estate of E. J. Sandmeyer in the form it has at present.

It does not follow, however, that the judgment should be affirmed. In article 3818, Sayles' Statutes, it is provided: "No surety shall be sued unless his principal is joined with him, or unless a judgment has previously been rendered against his principal, except in the cases provided for in article 1204." In the last named article it is provided: "The assignor, indorser, grantor, and surety upon any contract, and the drawer of any bill which has been accepted, may be sued without the necessity of previously or at the same time suing the maker, acceptor, or other principal obligor, when he resides beyond the limits of the State, or in such part of the same that he can not be reached by the ordinary process of law, or when his residence is unknown and can not be ascertained by the use of reasonable diligence, or when he is dead, or actually or notoriously

insolvent." While the allegation of insolvency of E. J. Sandmeyer's estate is not sufficient, it fully apears that he is dead, and the joinder of his administratrix was not essential to the prosecution of the suit against the sureties on the administrator's bond.

It is shown by the pleadings that the sureties on the administrator's bond given by E. J. Sandmeyer are dead, but we are not called upon to express an opinion as to the extent of the liability of their heirs on the bond.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*