## WESSENDORFF et al. v. AYLOR et al.
### (No. 9105.)

Court of Civil Appeals of Texas. Galveston.
March 1, 1928.

Rehearing Denied April 2, 1928.

Executors and administrators ⊂⇨227(3)—Affidavit to claim on note against decedent's estate held sufficient in alleging mere allowance of "all legal offsets" (Rev. St. 1911, art. 3439).

Affidavit accompanying claim on note against decedent's estate *held* sufficient, at least in view of the reasonable inference from its recitations as a whole, though it alleged allowance only of "all legal offsets," while Rev. St. 1911, art. 3439, provides that affidavit shall be that "all legal offsets, payments, and credits" have been allowed (citing Words and Phrases, First Series, "Credits," "Offset," "Payment").

Appeal from District Court, Fort Bend County; M. S. Munson, Judge.

Action by A. W. Aylor and others against T. B. Wessendorff, administrator, and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Peareson & Peareson, of Richmond, for appellants.

C. H. Chernosky and Ward & Ward, all of Houston, for appellees.

GRAVES, J. The sole question this appeal involves is whether or not this affidavit, from which only the description of the land referred to is omitted, is in compliance with R. S. (1911) art. 3439:

"The State of Missouri, County of Jasper.

"Before me, the undersigned authority, on this day personally appeared E. T. Webb, president of the Merchants' & Miners' Bank of Webb City, Mo., a corporation, duly organized and existing under the laws of the state of Missouri, with its office in the town of Webb City in the county of Jasper, state of Missouri, the said E. T. Webb, president of Merchants' & Miners' Bank, after being by me duly sworn,

alleges that the attached claim hereto in favor of the said Merchants' & Miners' Bank of Webb City, Mo., against T. A. Wessendorff, is just, and that all legal offsets, known to affiant, have been allowed; and that the said Merchants' & Miners' Bank of Webb City, Mo., is the owner of the said claim which is evidenced by a note executed by T. A. Wessendorff and L. K. Autry and payable to A. W. Aylor for $15,000 due on or before five years after date, bearing 7 per cent. interest, payable semiannually, dated May 1, 1919, at Richmond, Tex., and providing that all past-due principal and interest shall bear interest from maturity until paid at the rate of 7 per cent. per annum, and further stipulating that, if said note is not paid at maturity, and is placed in the hands of an attorney for collection, or if suit is brought on same, or if collected through the probate court or the bankruptcy court, that makers agree to pay 10 per cent. additional on the principal and interest then due thereon as attorneys' fees, and further providing that the failure to pay any installment of interest at maturity will, at the option of the holder, mature the said note, that the interest on said note was paid up to and on the 1st day of November, 1922, and that no other interest installment was paid since then; that said T. A. Wessendorff assumed the payment of said note; that Merchants' & Miners' Bank of Webb City, Mo., bought said note in due and ordinary course of trade for a valuable consideration and before maturity; that said Merchants' & Miners' Bank of Webb City, Mo., are the legal holders and owners of said note, and have thereafter declared said note due because of the failure of makers, or either of them, to pay the installments of interest due on May 1 and November 1, 1923, and have placed the said note in the hands of C. H. Chernosky, an attorney, for collection, and agreed to pay him the 10 per cent. attorney's fees therein stipulated.

"The above-described note is secured by a deed of trust executed by T. A. Wessendorff and wife, Hattie E. Wessendorff, and L. K. Autry and wife, Irma E. Autry, to R. E. L. Wessendorff, as trustee, for the use and benefit of A. W. Aylor on the following described real estate, lying and being situated in the county of Fort Bend in the state of Texas, to wit. * * *

This deed of trust was executed for the purpose of securing payment of the above-described note, together with all interest and attorneys' fees therein mentioned, bearing date May 1, 1919, duly recorded in volume 1, pages 120–123, in the Deed of Trust Records of Fort Bend county, Tex., to which deed of trust and the record thereof reference is hereby made for description of said land and premises and for all other purposes, and a copy of which deed of trust and note is made a part hereof, marked Exhibits A and B, respectively, hereto attached.

"The said note and deed of trust lien is valid and subsisting, and in full force and effect, and the same was assigned to the said Merchants' & Miners' Bank, on October 20, 1923, by written transfer, a copy thereof marked Exhibit C annexed hereto, and the Merchants' & Miners' Bank of Webb City, Mo., pray that said claim in the sum of $15,000 interest and attorneys' fees, together with the deed of trust lien on the above-described property to secure the payment of same, be allowed. That said E. T.

Webb is cognizant of facts above stated. [Signed] E. T. Webb, President of Merchants' & Miners' Bank of Webb City, Mo.

"Attest: W. H. Carl, Secretary.

"Sworn to and subscribed by E. T. Webb, president of the Merchants' & Miners' Bank of Webb City, Mo., under my official hand and seal of office, this the 6th day of November, A. D. 1923. [Signed] Austin G. Young, Notary Public in and for Jasper County, Mo. [Seal.] "My term expires July 20, 1925."

The trial court held it sufficient; appellants contend it is not, in that it contains, of the terms "all legal offsets, payments, and credits" prescribed by the statute, only the words "all legal offsets," and lacks both the words "payments" and "credits," as well as the equivalent of either or both. The appellees, on the other hand, insist that the holding below was correct, in that the word "offsets" in the proof of such a claim includes the words "payments and credits," and that it, at least when taken along with the other portions of the affidavit describing the claim as a note, etc., constituted sufficient proof under the statute.

While the matter is not free from doubt, this court concludes to affirm the judgment and uphold the sufficiency of the affidavit upon the consideration so last advanced by the appellees, which is more fully stated in their brief in this way:

"Where the claim is a written instrument, a promissory note, evidencing the amount of the debt, according to the face of which the principal was not yet due, except as declared due for nonpayment of certain semiannual interest installments as specified in the affidavit and with payments and credits indorsed on the note showing certain payments of interest to have been made, and the affidavit states that no other interest payments were made, and states that the claim is just and that all offsets have been allowed, and that such note is valid and subsisting and in full force and effect, the claim is sufficiently proved."

Both sides agree, as indeed the authorities they each cite affirm, that a literal conformity to the terms of the statute is not necessary, but that a substantial compliance with it. is sufficient. Agreeably to this principle, we think these recitations in the quoted affidavit supplied this substantial compliance:

"That the * * * claim is just, and that all legal offsets known to affiant have been allowed. * * * The said claim is evidenced by a note executed by T. A. Wessendorff and L. K. Autry for $15,000, * * * bearing 7 per cent. interest. * * * That the interest in said note was paid up to and on the 1st day of November, 1922, and that no other interest installment was paid since then. That said T. A. Wessendorff assumed the payment of said note. * * * That said * * * bank * * * are the legal holders and owners of said note, and have thereinafter declared said note due because of the failure of makers, or either of them, to pay the installments of interest due on May 1 and November 1, 1923. * * *

The above-described note is secured by a deed of trust executed * * * on the following described real estate, * * * and a copy of which deed of trust and note is made a part hereof * * * hereto attached. The said note and deed of trust lien is valid and subsisting, and in full force and effect. * * *"

The reasonable, and at least permissible, inference from these statements, it seems to us, is that the affiant meant to say that the readily ascertainable balance shown from its terms to be due on the note, after every right or equity which could reduce the amount of the claim had been allowed, represented what was then due from the estate to the holder.

The parties themselves likewise so construed the affidavit, as this statement from the appellees' brief of the undisputed facts discloses:

"That the administrator, before allowing said claim, had before him the original assignment, the original deed of trust, and the original note, which were delivered to him by claimant's attorney when the claim was presented to said administrator, and, after he and his attorney, Judge D. R. Peareson, inspected the same, the administrator returned the original deed of trust, the original assignment and the original note to claimant, and filed the proof of claim with the copies of the deed of trust, assignment and the note with the clerk of county court of Ft. Bend county, Tex., and the county clerk entered the same on the probate claim docket, among other claims in said estate; and that, after the claim was on file for more than ten days, the said administrator had the county judge and the county court in Ft. Bend county, at its regular November term, 1923, of court on December 15, 1923, approve same along with other claims, as shown by the court's order of approval attached to said claim, and classified the said claim as of third class, and also on said date approved the same on the probate claim docket. * * *"

The leading authorities severally cited and relied upon by the opposing litigants are as follows:

(1) Those by appellants: Articles 3439 to 3443, Revised Statutes of 1911; Walters v. Prestidge, 30 Tex. 65; Gillmore v. Dunson, 35 Tex. 435; Anderson v. Cochran, 93 Tex. 583, 57 S. W. 29; Smyth v. Caswell, 65 Tex. 379; Gaston v. McKnight, 43 Tex. 619; Strickland v. Sandmeyer, 21 Tex. Civ. App. 351, 52 S. W. 87; Whitmire v. Powell (Tex. Civ. App.) 117 S. W. 438, Id., 103 Tex. 232, 125 S. W. 889; Lanier v. Taylor (Tex. Civ. App.) 41 S. W. 516; Nelson v. Bridge, 98 Tex. 523, 86 S. W. 10; Cannon v. McDaniel, 46 Tex. 309; Hooks v. Martin (Tex. Civ. App.) 229 S. W. 592; Parsons v. Parsons (Tex. Civ. App.) 275 S. W. 200; Id. (Tex. Com. App.) 284 S. W. 933; Lockhart v. White,

18 Tex. 102; Trammell v. Blackburn, 116 Tex. 388, 292 S. W. 169; 6 Words and Phrases, First Series, 4955–5248; 2 Words and Phrases, First Series, 1730; 34 Cyc, p. 525, B–1, and note 14; Rahe v. Yett (Tex. Civ. App.) 164 S. W. 30; Richey v. Warnell (Tex. Civ. App.) 103 S. W. 419; San Antonio v. Davis (Tex. Civ. App.) 48 S. W. 754.

(2) Those by appellees: Article 3439, Revised Statutes 1911; (article 3514, Revised Statutes 1925); Crosby v. McWillie, 11 Tex. 94; Trigg v. Moore, 10 Tex. 197; Cannon v. McDaniel, 46 Tex. 309; Walters v. Prestidge, 30 Tex. 65; Dowell v. Collin County Bank, 59 Tex. Civ. App. 244, 126 S. W. 29; First State Bank of Teague v. Hadden (Tex. Civ. App.) 158 S. W. 1168.

Justice Lane thinks that, in addition to what has been stated as the reasonable inference from the recitations as a whole, the word "offsets," as here used, includes payments and credits.

Further discussion is not deemed necessary; pursuant to the conclusions given, the trial court's judgment has been affirmed.

Affirmed.

### On Motion for Rehearing.

The recitation in our original opinion, "The parties themselves likewise so construed the affidavit," together with its appended résumé of facts, should be qualified by the addition thereto of this further statement, which appears in the agreed statement of facts herein:

"Neither the administrator nor his attorney observed that the words 'payments and credits' were omitted from the affidavit attached to the claim, until after the lapse of one year after original grant of letters, and, as soon as the omission was noticed, it was called to the attention of claimant's attorney. The omission was discovered by the administrator's attorney in looking over the claim and the record in respect to same, with the view of determining if the claim could be used to offset the purchase price of the lots secured by the deed of trust, and claimant's attorney was shortly thereafter advised that the said attorney of the administrator was of the opinion that the allowance of the administrator of the claim, with the only affidavit supporting same omitting the said words, was a nullity, and that the approval of the court of such a claim was a nullity, and that the administrator would not be protected should he in any way pay said claim. The administrator and claimant have at various times endeavored to reach some arrangement which would protect all parties, but without results."

The motion for rehearing has been carefully considered, but in other respects we are constrained to adhere without change to our original opinion.

Overruled.