*Splane*, for the appellant.

*Crow*, *T. H.*, and *W. B. Lewis*, contrâ.

---

JOSEPH ROULY and others, Heirs of Antoine Rouly, deceased, *v.* HORTENSE BERARD, Administratrix of the Succession of Frederick Duperier, deceased, and Tutrix of his children.

Payments to the creditors of a succession, made without an order from the Court of Probates, are irregular; but when they exonerate the estate from legal charges, and thereby benefit the heirs, the latter must show that such charges are unjust, unfounded, or excessive, or the payments will be allowed to the party by whom they were made.

Parol evidence is inadmissible to prove the appointment of a curator to a succession, unless it be first shown that the record of his appointment has been lost or destroyed.

Evidence, though improperly admitted, will be disregarded, where it could not have operated to the disadvantage of the party who objected to it.

APPEAL from the Court of Probates of St. Martin, *Briant, J.*

*Magill*, for the appellants.

*Voorhies*, for the defendant.

BULLARD, J. The heirs at law of the late Antoine Rouly prosecute the present action against the estate of Frederick H. Duperier, deceased, to recover the amount of Rouly's succession, which, they allege was administernd by said Duperier without legal authority, and as an intermeddler. The defendant filed with her answer, as full a statement of the affairs of the deceased as was in her power, and claims allowance for certain sums paid by the deceased, Duperier, for funeral expenses, medical attendance, and other small charges.

The evidence does not show that any thing more came into the hands of Duperier than the effects set forth in an inventory made by a justice of the peace, belonging to Rouly, independent of the firm of Rouly & Nauté, who kept a billiard table and grog shop. The effects which belonged to that establish-

ment are not shown to have come into the possession of the deceased. The amount of the inventory was $196 06.

The judgment rendered by the Court of Probates charge Duperier's estate with that amount only, and credits it with the amount disbursed for medical attendance and funeral charges, and gives judgment for a balance of $87 06¼

It has been contended in this court by the heirs of Antoine Rouly, who appealed from that judgment, that the allowance was improperly made, because the payments were made by Duperier without any order from the Court of Probates. It is true, such payments are irregular, but when they liberate the estate from a legal charge, and thereby benefit the heirs, the latter ought to show that they are unjust, unfounded, or excessive The evidence in the record does not satisfy us that the judge erred in making the allowance.

The bill of exceptions by the plaintiffs' counsel to the introduction of parol evidence to show an appointment of curator, was, in our opinion, well taken, and the court erred in admitting it, without its being first shown that the record had been either lost or destroyed. But the admission of it, in this case, does not appear to have operated to the prejudice of the plaintiffs. If it had been shown that Duperier had been appointed curator, his estate might have been made liable for all the property shown to have belonged to Rouly, whether in his own right or as partner of Nauté. Without any evedence of such appointment, whether another was appointed or not, he is liable only for such property as he is shown to have possessed himself of belonging to the estate.

*Judgment affirmed.*