A. F. WHITMIRE & WIFE v. R. H. POWELL, ADMINISTRATOR, ET AL.

No. 2024.     Decided March 9, 1910.

**1.—Res Adjudicata—Action for Recovery of Land.**

Defendant (or one under whom he claimed) had sued plaintiff, the administrator and the heir of a decedent, for the recovery of land, claiming title under a trustees sale made after decedent's death to satisfy purchase money notes given by a purchaser who, in decedent's lifetime, had transferred to her a half interest in the land. In such suit each party was adjudged owner of an undivided half interest in the land. (Whitman v. May, 29 Texas Civ. App., 244; s. c., 96 Texas, 317). Plaintiffs now sued for this interest and partition of the land. Defendant plead title to the unpaid purchase money notes and to the lien securing them as mortgagee in possession having pending a suit for their establishment and foreclosure as a lien against the estate. Held, that the former judgment, being between the same parties or their privies and involving the same rights, was res adjudicata and settled the right of plaintiff to recover. (Pp. 235, 236).

**2.—Tenants in Common—Improvements.**

The right of a tenant in common to recognition in the partition or to compensation for improvements made upon the common land, can not be denied,

as in the case of a defendant making improvements on land wholly belonging to another, because they were made after suit brought; it is sufficient that they were not made with the purpose of embarrassing his cotenants.   (P. 236).

**3.—Final Judgment—Recovery of Land.**

In a suit for land a decree which did not mention the wife of a defendant (who, though made a party appeared to have no interest) but which disposed of her rights by awarding the subject matter of the controversy to others, is a final judgment.   (236).

Error to the Court of Civil Appeals for the Fifth District in an appeal from Dallas County.

Powell and another sued Whitman and wife for the recovery of land, and had judgment.   Defendant appealed, and on affirmance obtained writ of error.   A former suit between the parties over the same property is reported as Whitmire v. May, 29 Texas Civ. App., 244. Affirmed in Whitmire v. May, 96 Texas, 317.

*Geo. H. Plowman,* for plaintiff in error.—The Court of Civil Appeals erred in not holding that the judgment·rendered in said cause was not a final judgment.   See Boles v. Linthicum, 48 Texas, 220; Rodrigues v. Trevino, 54 Texas, 198; Missouri Pac. Ry. Co. v. Scott, 78 Texas, 360; Burrows v. Cox, 38 S. W., 50; Whittaker v. Gee, 61 Texas, 217; Wooters v. Kaufman, 67 Texas, 488; Channel Co. v. Dooley, 45 Texas, 6; Rev. Stats., art. 3607.

Because this was a suit by Powell, administrator, et al., to recover from Whitmire and wife who were in possession, Whitmire and wife, having paid off the five vendor's lien purchase money notes for the land and being in possession, were subrogated to the rights of the original vendor, and Powell et al., not having paid any of the purchase money or offered to pay the same, could not recover possession of one-half of the land from Whitmire and wife without paying their pro rata of the purchase money.   Duke v. Reid, 64 Texas, 705; Rodriguez v. Haynes, 76 Texas, 263; Murrill v. Kelley, 18 Texas Civ. App., 120; Rev. Stats., art. 3610.

The purchase money for the land in question not having been paid by the defendants in error, the plaintiff in error being the owner and holder of the five unpaid vendor's lien notes and a mortgagee or lien holder in possession of the land, the land could not be recovered by the defendants in error without first discharging said lien and the court erred in directing a verdict in their favor.   Jolley v. Starling, 78 Texas, 605.

The heirs of Jennie Pippin, not having paid the purchase money for the land, could not recover from Whitmire and wife one-half of the land without the payment of the purchase money, Whitmire and wife being sued by defendants in error for one-half of the land and being rightfully in possession of the land.   Monroe v. Buchanan, 27 Texas, 245; Foster v. Powell, 64 Texas, 247.

The former judgment only decided that the death of Jennie E. Pippin annulled the power of sale in the deed of trust executed by J. D. Pippin.   A. F. Whitmire, the holder of the first two vendor's lien notes which had been by agreement with J. D. Pippin extended, was not a party to the suit of P. C. Whitmire against Sallie May and

was the owner of two of the unpaid vendor's lien notes at the time of said suit and subsequently became the owner of the other three unpaid vendor's lien notes. Noell v. Clark, 25 Texas Civ. App., 136.

Whitmire was conceded by the plaintiffs to be a tenant in common with them, and as such was entitled to and was rightfully in possession and entitled to improve the part of the property which he did improve and entitled to an allowance therefor. Robinson v. McDonald, 1 Texas, 385, 386; Powell v. Davis, 19 Texas, 380; Taylor v. Taylor, 26 S. W., 889; Thompson v. Cragg, 24 Texas, 582, 597, 598; Neil v. Shackelford, 45 Texas, 119-145; Bond v. Hill, 37 Texas, 622; Lewis v. Sellick, 69 Texas, 379; Thompson v. Jones, 77 Texas, 626; Branch v. Makeig, 9 Texas Civ. App., 400; Meter v. Johnson, 19 T. C. Rep., 438; Baker v. Hanlan, 20 T. C. R., 54; Freeman on Cotenancy & Partition (2d Ed.), sec. 510.

*Harry P. Lawther,* for defendant in error—The judgment of the Supreme Court in Whitmire v. May et al., supra, is conclusive as to the title of defendants in error to one-half the land against plaintiffs in error. Rev. Stats., art. 5275.

The transfer by endorsement of a vendor's lien note, unaccompanied with an express assignment of the lien, does not carry the superior title; the holder acquires the lien as an incident to the debt, and his right in the land is that of a lien holder simply and akin to that of a mortgagee. The assignment leaves no further interest in or title to the land in the payee of the note (the vendor of the land); as to him the transfer and delivery of the note is as if he were paid. McCamly v. Waterhouse et al., 80 Texas, 340; Fox v. Robins, 62 S. W., 815.

When a debt secured by trust deed matures, the creditor has choice of remedies—one by sale by trustee, and the other by suit to foreclose. These remedies are inconsistent, and a resort to one of them is an election to pursue that remedy alone and a waiver of the right to pursue the alternate remedy. Avery & Sons v. Texas Loan Agency, 62 S. W., 793; Cameron v. Hinton, 92 Texas, 501; Ward v. Green, 88 Texas, 177.

All the notes that were not barred by limitation were satisfied and discharged to the then holder by the sale by the trustee, December 4, 1900. The money paid by P. C. Whitmire to Mrs. Waller was for the land, and so recited in the deed of conveyance from her to him. Whitmire as the owner of the land brought suit in trespass to try title for the land, claiming no right as the holder of the notes. Pending that suit he gave the land, and it is claimed the notes, to plaintiff in error, A. F. Whitmire. The final judgment in that suit awarded him one-half the land, and the other half to defendant in error. This is conclusive, and plaintiff in error can not now, in a suit for partition, as the holder of notes acquired after maturity and without consideration, some of which are barred by limitation and others of which have been discharged, accomplish by way of the back door what he could not do by way of the front door, and divest defendants in error of the one-half interest in the land which the Supreme Court has awarded them.

The first three of the notes were barred by limitation ·and the other two satisfied and discharged when presented to the administrator for allowance, and when suit was brought on same in the County Court and when same were set up in this suit.

Where one acquires title from one of · the parties to a suit in trespass to try title pending said suit, and said suit still pending and before final judgment he puts improvements on the land, he will not be awarded improvements, not having had adverse possession of the land in good faith for at least one year before the commencement of the suit, and where in suit for partition the court awards him all the rents. Batts' Statutes, art. 5277.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This suit was brought by R. H. Powell as administrator of the estate of Jennie E. Pippin, deceased, and by her. minor son, against A. F. Whitmire and wife for the recovery of a half interest in fifteen acres of land and for partition. J. D. Pippin, the husband of Mrs. Jennie E. Pippin, being alive and his residence unknown, was made a party defendant and served by publication and an attorney appointed to defend his interests in the suit. There was a judgment that plaintiffs recover one-half of the land with a decree of partition and that of the one-half so recovered, J. D. Pippin was entitled to a one-third interest for life.

The following facts as disclosed by the record show the origin and nature of the controversy. J. D. Pippin bought of one Doran the fifteen acres of land in controversy for $625, cash, and five notes of $100 each, due in one, two, three, four and five years. These notes were secured by a mortgage upon the land with a power of sale, W. H. Lewis being trustee. Subsequently J. D. Pippin sold to his wife, Jennie E. Pippin, one-half of the land for $312.50 and the assumption on her part to pay one-half of the five notes. In the year 1900 Mrs. Jennie E. Pippin died and R. H. Powell was appointed administrator of her estate. The five notes originally given for the land were assigned by Doran to Mrs. E. E. Waller, who, after the death of Mrs. Pippin, caused Lewis to sell the land under the deed in trust and bought in the land, and then transferred the notes and the land bought in by her to A. F. Whitmire. The three last notes to mature not having been paid or satisfied by the sale of the property were subsequently presented to Powell, the administrator of Mrs. Pippin, and having been rejected were sued upon in the County Court. After the sale at the instance of Mrs. Waller and after this suit was brought, A. F. Whitmire brought suit for the land against Sallie May, the tenant in possession, asserting his title under the sale to Mrs. Waller and her conveyance to him, and it was adjudged in that suit that he was entitled to a one-half interest in the land and that the other half belonged to Mrs. Pippin's administrator and heirs. (Whitmire v. May, 96 Texas, 317.) At the time of the trial of the present case there seemed to have been a suit pending in the County Court of Dallas County on the three notes last maturing.

Clearly the judgment in Whitmire v. May, supra, was *res adjudicata* of the present controversy. That case was for the same land and was

betwen the same parties or their privies and involved the same facts as in this case and it settled the controversy. If the suit on the notes in the County Court has resulted or should result in their establishment as a claim against the estate of Jennie E. Pippin, it may be that they can be enforced against her interest in the land recovered in this and the former suit. There is much discussion in the petition for the writ of error of the question whether the notes when presented to the administrator of Mrs. Pippin were supported by affidavit as required by our probate statutes. This seems to us unnecessary, for if the supporting affidavit to the notes appear in the suit in the County Court the suit may be held good when without them it would necessarily fail.

We think, however, upon the subject of improvements upon the property, the plaintiff in error has a right to complain. It is not a question of improvements in good faith made by a defendant who has no right to the property, but it is a question of the right of one tenant in common to be compensated for proper improvements made upon the common property. There is a very obvious distinction between the two questions. (Thompson v. Jones, 77 Texas, 626.) If Whitmire had lost the land entirely as a result of this suit, then the decision of the Court of Civil Appeals is probably correct, because he made the improvements while a suit was pending for its recovery. But as a tenant in common of the tract he had a right reasonably to improve it and to be reimbursed for the expense in partition; provided, the improvements were not placed upon it for the purpose of embarrassing his cotenants in the assertion of their rights. A tenant in common who has improved the land not for the purpose of embarrassing his cotenants, is entitled to have them set apart to him, providing it can be done in justice to his cotenants; if this can not be done, then he is entitled to compensation for them in the partition. (Robinson v. McDonald, 11 Texas, 385.)

It is assigned as error that the Court of Civil Appeals erred in holding that there was a final judgment in the case. The judgment did not mention Mrs. Whitmire; and is not a decree for her. The subject matter of the controversy is adjudged to others and she gets nothing. This is a judgment against her. Besides, it appears from the evidence that she has no interest in the suit. Her husband's interest in the land is clearly his separate estate and she has no interest in it.

For the error of the trial court and of the Court of Civil Appeals in their ruling upon the question of improvements in good faith the judgment is reversed and the cause remanded.

*Reversed and remanded.*