CHARLES W. TRAMMELL V. J. M. BLACKBURN, ADMINISTRATOR.

No. 4505.   Decided March 9, 1927.

(292 S. W., 169).

**1.—Administrator—Payment of Unverified Claim.**

The payment by the administrator of a claim unverified and not allowed, but a valid and due claim against the estate, is not made a nullity by the statute. The approval and allowance of such unverified claim is declared a nullity (Rev. Stats., Arts. 3439, 3442), but not so as to payment (Rev. Stats., Art. 3461; Nelson v. Bridge, 98 Texas, 523; Lockhart v. White, 18 Texas, 102).

**2.—Same—Credits on Final Settlement.**

An administrator on final settlement may be allowed credit for claims against the estate admitted to have been due and payable by deceased at the time of his death, though paid by the administrator without compliance with Arts. 3439, 3442, with regard to verification and allowance. He made such payment at his own risk and has the burden of showing that they were due and payable.

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Stephens County.

The Supreme Court referred the questions to the Commission of Appeals, Section B, for their opinion thereon, and here adopts same and directs that it be certified as the answer of the court.

*J. D. Barker,* for appellant.

No administrator can legally pay out of the funds of the intestate any money until it has been approved by the Judge, or a court of competent jurisdiction. Rev. Stats., Arts. 3439, 3442, 3453, 3461; Anderson v. Cochran, 57 S. W., 29; Nelson v. Bridges, 86 S. W., 822.

*John W. Mackey* and *Goggans & Allison,* for appellee.

It is proper to follow the statute exactly, but when it is affirmatively shown that no injury resulted from a departure

therefrom the administrator should not be charged with personal liability for his departure. Nelson v. Bridges, 98 Texas, 523; Judson v. Bennett, 136 S. W., 681 (Mo.); Terrell v. Rowland, 86 Ky., 67; Millard v. Harris, 119 Ill., 185; McCombs v. Dunbar, 3 La., 517; Succession of Williams, 7 Rob. (La.), 46; Rouly v. Berard, 11 Rob. (La.), 478; Depas v. Riez, 2 La., Ann., 30; Roberts v. Rogers, 28 Miss., 152.

MR. PRESIDING JUDGE POWELL delivered the opinion of the Commission of Appeals, Section B.

This case is before the Supreme Court upon the following certificate from the Honorable Court of Civil Appeals of the Eleventh District:

"In the above styled and numbered cause pending in the Court of Civil Appeals for the Eleventh Supreme Judicial District of Texas, at Eastland, Texas, the said Court of Civil Appeals desires to certify to your honors the question of law as hereinafter submitted and in connection with said question so submitted said Court of Civil Appeals desires to make the following statement:

"The above case was reversed and remanded at a former term but is still pending in this court on a motion for rehearing duly filed. It appeared upon the trial that J. M. Blackburn had been appointed administrator of the estate of one Trammell. Such administrator submitted his final account. The approval of said account was objected to by appellants, heirs of the deceased, on the ground that certain debts therein shown to have been paid by the administrator were paid by him without the affidavit required by Arts. 3439, 3442 and 3534, Revised Statutes 1911, and without the allowance and approval provided for in said Arts. 3439 and 3442.

"On the trial in the District Court the court found that said claims were paid by the administrator without the affidavit required by said articles and without compliance therewith. It was admitted at the trial that the debts paid by the administrator were due. and owing by the deceased at the time of his death.

"This court held that an administrator is without authority under said articles above referred to to allow or pay a claim against his decedent without the affidavit required, and that his action in so doing was void, as is more fully shown by a certified copy of the opinion which accompanies this certificate.

"It is strenuously insisted in the motion for rehearing that our decision is in conflict with the decision of the Supreme Court

in the case of Nelson v. Bridges (Sup.), 98 Texas, 523, 86 S. W., 7.

"In view of the situation disclosed by reading the three articles hereinbefore referred to, that is, that the statutes specifically provide that a failure to comply with the first two will render the action of the administrator and the Probate Court, or either, void, and that the Legislature made no such declaration with reference to the article relating to payment by an administrator, and in view of the statement made by the Supreme Court in the case of Nelson v. Bridges, in substance, that said two articles, 3439 and 3442, are the only articles in our probate statutes absolutely mandatory, we deem it advisable to certify to your honors the following questions:

"*Question No. 1:* Is the payment by an administrator of the debt shown to be due and owing by the deceased at the time of his death without the affidavit as required by Art. 3439 above referred to void?

"*Question No. 2:* Can the court on the hearing of an administrator's final account allow credit therein for debts which are admitted to have been due and owing by the deceased at the time of his death where the administrator pays such debts without compliance with Arts. 3439 and 3442?"

Arts. 3439 and 3442 of Vernon's Sayles' Revised Civil Statutes of Texas of 1914, referred to in the two questions certified, and the only articles having any bearing upon the proof and allowance of the claims in this suit, read as follows:

"Art. 3439. No executor or administrator shall allow any claim for money against his testator or intestate, nor shall any County Judge approve the same, unless such claim is accompanied by an affidavit in writing that the claim is just and that all legal offsets, payments and credits known to affiant have been allowed. Such affidavit, if made by any other person than the owner of the claim, shall state further that the affiant is cognizant of the facts contained in his affidavit."

"Art. 3442. Allowance or approval without affidavit, void.— If any such claim is allowed or approved without such affidavit as is required by the preceding articles of this chapter, such allowance or approval shall be of no force or effect."

Art. 3461, same statutes, referring to payment of the claim by an administrator, and alluded to in the certificate, reads as follows:

"Art. 3461. Claim shall not be paid, unless, etc.—No claim for money, or any part thereof, shall be paid until it has been

approved by the County Judge or established by the judgment of a court of competent jurisdiction."

The Court of Civil Appeals admits that the precise question now before us is one of first impression unless it be settled adversely to the administrator's contention in the case of Converse & Co. v. Sorley, 39 Texas, 515, where it was held that the payment by an administrator of a claim without authentication was void. However, it must be remembered that there was nothing in the Sorley case, supra, to show that the claim was just and due. Therefore, the situation we have here was not before the court. In this connection, we quote as follows from that opinion:

"In the case at bar the judgment was nearly a year old at the death of the intestate, and there was no proof—not even the affidavit of the holder—that the claim had not been fully paid before the death of Williams; and four years had passed from the rendition of the judgment before the deed was executed, and yet, not an affidavit that the debt had not been paid."

On the other hand, there are two cases by our Supreme Court which we think practically settles this case in favor of the administrator. They are Lockhart v. White, 18 Texas, 102; Nelson v. Bridges, 98 Texas, 523, 86 S. W., 7. The Court of Civil Appeals refers to the former in its *opinion* and to the latter in its *certificate*. The latter case is applicable only by analogy. We shall review it now. In that case, the court upheld the action of a probate court which was in absolute violation of the following statute:

"No will shall be admitted to probate after the lapse of four years from the death of the testator, unless it be shown by proof that the party applying for such probate was not in default in not presenting the same for probate within four years aforesaid, and in no case shall letters testamentary be issued where a will is admitted to probate after the lapse of four years from the death of the testator."

Construing this statute, Associate Justice Williams, for his court, said:

"There is nowhere an affirmative declaration that the court shall not have jurisdiction after four years, nor that an administration granted after that time shall be void. All that the theory of nullity rests upon is the positive and mandatory language of the statute, and this, in our opinion, is addressed to the Probate Court to control its action in the exercise of its jurisdiction, and is not a denial of the jurisdiction. *The strong language used cannot be regarded as having the latter effect,*

*because the statute abounds with like verbiage plainly intended not as jurisdictional restrictions, but as rules prescribed to guide and control the court in its proceedings.*  In none of them, so far as we have found, is there any suggestion that action taken contrary to them shall be void, except in Arts. 2072 and 2073, in which the approval or allowance of claims without affidavits are prohibited; and in this instance the statute expressly declares —*what would not otherwise follow*—that such an allowance by the court should be of no effect.  These specifications of the jurisdictional requirements, and express provisions making void certain proceedings, are powerful indications that other commands and inhibitions such as those in question were meant merely to control the court and direct its action upon the subjects treated, and not to remove these subjects beyond its power to act upon them at all."    (Italics ours.)

According to Judge Williams, with the exception of Arts. 3439 and 3442 heretofore quoted by us, the probate statutes are not mandatory and action contrary thereto is not declared to be void or of no effect.  Where that is not true, he says the statutes are merely to guide and control the courts in their proceedings. Now, Art. 3461, referring to *payment* of a claim, does not go on to say that payment, except upon verification and allowance as elsewhere provided, shall be void and of no effect.  Therefore, under the authority of Judge Williams' opinion, it would seem that no such disastrous effect should be given to a violation of such a statute.

But, the case of Lockhart v. White, supra, is more to the exact point—the validity of a payment by an administrator.  In that case, Chief Justice Hemphill said:

"Where there is danger of insolvency, the administrator, for his own safety, should delay until the pro rata due each creditor can be ascertained.  But the order of the court is not requisite to the validity of a payment.  If this be proper in itself, and such as the court would on application decree, it cannot be impeached for the want of previous order to that effect.  And if the payment be not in due order, that is, if payment be made to one or more creditors, of a portion or the whole of their claims (as is charged to the case here), and no such payment is made on other claims of the same class or degree, this would not render the administrator liable for the debts unpaid out of his own property.  The County Court might refuse to allow such payment, in the account of the administrator, and make him liable to the extent of the assets thus misapplied; but the administrator could claim to stand in the place of the creditors

paid by him, and receive the proportion due to them. This is believed to be the rule in equity, where distribution of an estate among creditors is decreed on a creditor's bill, and there is a close analogy between the distribution under such decree and under the provisions of our statute."

In referring to this decision, the Court of Civil Appeals, in its opinion herein, said:

"On the authority of that case appellee presents the proposition that the claims objected to, being admittedly due by the estate the Probate Court would have allowed the same, and therefore the administrator was entitled to credit on his payment. The soundness of the decision just referred to is conceded, but its application here is not perceived. If the statutes hereinbefore referred to have been correctly construed, then the Probate Court would be as powerless to approve an unauthenticated claim as the administrator would be to allow it."

We do not understand that the administrator contends that the Probate Court could approve or order paid "an unauthenticated claim." The administrator proved his claims on the trial, showing that the amounts he had paid out were just and due. What Judge Hemphill had in mind, as we construe his language, was that if the proper authorities would have been justified in decreeing payment, under the facts proven, then the previous order to that effect was not necessary. There is no controversy in the case at bar, as we understand it, that the affidavit could not have been made if the administrator had required it.

Art. 3461, aforesaid, authorizes payment upon approval of a verified claim by the County Judge. But, it also authorizes payment of a claim when established by the judgment of a court of competent jurisdiction. If an administrator refuses to approve a verified claim, the claimant has recourse to the courts and may have his claim allowed there. We see no reason why an administrator should not be allowed, in a contest over his final account, to prove in court in such proceeding, of which all interested parties have due notice, that the claims he paid were due and just and would have been verified and allowed under the statutes if he had required it.

In the very able argument filed in this court, appellee's counsel state this theory, which we think correct:

"It seems to us that the difference is that where all the legal steps have been fully complied with and the claim ordered paid by the Probate Court, then the heirs of the estate and its other creditors are precluded from disputing the right of the administrator to have credit allowed him for the amount he has thus

paid. On the other hand, where this has not been done and no order of approval obtained, then the heirs and other creditors may dispute the right of the administrator to the credit thus claimed by him, and the burden will then be upon him to show that the claim so paid was just. In other words, the lack of a valid order or of any order whatever does not conclusively establish that the administrator is not entitled to credit for the amounts he has paid out. It does place on him a burden he would not otherwise have and which he might have avoided, but which we confidently assert he has fully met in the case at bar when he has shown that the debts thus paid were just and due. Our statutes do not place any such heavy penalty on an administrator who has paid a just claim under a void order or without any order, as that he shall not under any circumstances be allowed credit therefor.

"While no provision for actual notice thereof seems to be made by our probate statutes to be given to heirs and other creditors, when the administrator or Probate Court is considering the propriety of allowing and ordering paid any claim or claims against the estate and they need only remain on file for ten days before the court acts thereon (R. S. 3446), this is not true when the matter of approving the final account of the administrator is to be taken up. Our statutes make ample provision for the giving of notice that such final account is to be considered and acted upon and for that reason the necessity of requiring that the claims and accounts to be considered in connection with the hearing as to the approval of the final account be sworn to by the claimant do not exist. If they are incorrect, the other interested parties then have ample opportunity to so show."

The views expressed in the first paragraph of the quotation just preceding are ably reiterated by the Supreme Court of Missouri in the case of Judson v. Bennett, 233 Mo., 607, 136 S. W., 681, as follows:

"If the claim paid was in fact a legitimate demand against the estate and could have been legally probated against it, then the mere fact that it was not first presented to and allowed by the Probate Court would not of itself bar the executors' right to a credit for such payment. Especially would that be true as to heirs and devisees. Such conduct on the part of the executors, however, might present quite an important question as between creditors and as between themselves and creditors, where the assets are insufficient to pay all obligations of the estate. But where the assets are ample to pay all the legal demands existing against the estate and none but such have

been in fact paid by the executors, then the heirs and devisees are not injured and have no legal grounds for complaint.   However, in all such cases the executors pay all such demands at their own risk; that is, if they should pay a demand presented against the estate without first requiring it to be probated, when in fact the claim is not a legal demand against the estate, then the loss would fall upon the executors, and the Probate Court would not be warranted in allowing the executors credit for such payment, whereas, upon the other hand if the claim had been properly probated, and after payment it should develop that the claim was not in fact a lawful demand against the estate, nevertheless the executors should be allowed credit for the payments so made, for the reason that in such case they followed the law and performed their full duty and the error which resulted in the loss could not be charged against them. But the instruction under consideration announces the broad proposition that where the executors paid a claim, however legal and just it might have been which had not been previously probated, it could not be allowed as a credit in favor of the executors.   Counsel for appellants have cited us to no authority supporting that proposition, nor have we been able to find any such; but, upon the contrary, the books are full of cases holding to the contrary.   Moreover, if this was a new proposition and now for the first time presented here for a determination, we would not hesitate in holding that the executors would be entitled to all such credits.   Such a ruling would be based upon right and justice, which is the foundation of all law."

We can use no stronger language than this able Missouri judge.   It is true that the Legislature in his State later provided that an administrator could not have credit for any item paid unless it had taken the prescribed course through the probate court.   And, if our Legislature should hereafter so decree in Texas, the courts would acquisce.   But, until that happens, we are in favor of the rule laid down by the Missouri court, and, as it says, numerous others.   Of course, if our Legislature should pass an express statute contrary to the views we have expressed, then, in face of such a clear statute, an administrator violating it would have no cause or ground of complaint.

In its opinion herein, the Court of Civil Appeals agreed it was out of line with the courts of other States, but seemed to think that our statute was stronger against payment of an unauthenticated claim than the statutes of other States.   We do not think so.   For instance, we quote from the Court of Appeals of Kentucky in the case of Terrell v. Rowland, 86 Ky., 86, 4 S. W., 825:

"It is contended that the appellant is not entitled to credit for the sums paid by him to Britt and J. H. Terrell in discharge of Clark's portion of the indebtedness of Terrell, Clark & Co. to Watts, Given & Co. First, because it is not shown that any such indebtedness existed, and no itemized account of it is presented; and, second, because the statutory affidavit as to the claim was never made by Watts, Given & Co., nor was the claim proven. Secs. 35 and 39 of Art. 2 of Chap. 39 of the General Statutes provides: 'All demands against the estate of a decedent shall be verified by the written affidavit of the claimant, or, in his absence from the State, by his agent, or, if dead, by his personal representative, stating that the demand is just, and has never, to his knowledge or belief, been paid, and that there is no offset or discount against the same, or any usury therein. No demand against a decedent's estate shall be paid by his personal representative, or allowed as a credit by any commissioner or court, which is not verified by affidavit as required herein.'

"Manifestly, this statute was intended to furnish to the personal representative something to guide him in the settlement of claims against the decedent, and as to which he would in the great majority of cases, have no knowledge. This being the reason for its existence, it should not be held to be an inexorable rule in courts of equity when suits are brought by the heir or devisee against the personal representative for a settlement and distribution of the assets in his hands after the payment of the debts. The spirit of the statute should be looked to for a construction and as a guide in its application. A personal representative may not know whether a claim is just or contains usury, or whether there is any setoff or discount against it, and therefore the law requires it to be verified and proven. Suppose A. presents a claim to B., the administrator of C., and demands its payment. B. says, 'You must prove it.' A. replies: 'You know all about it; I will prove it by you.' B. thereupon pays it without proof of it, since he does know all about it. Can it be said that a court of equity, in a controversy between him and the heir or devisee, cannot give him credit by it when it is shown to the court that it was a just claim? We think not. If so, then justice is defeated instead of promoted. It is clear that the claims of the Commercial Bank and of Watts, Given & Co. had a real existence, and that they were just demands. When this is shown in a contest between the personal representative and the distributee, is the latter to be allowed to gainsay their payment in a court of equity under the letter of a statute which

was enacted to compel a showing of their justness in order that they might be paid?"

The Kentucky statute, it seems to us, is much stronger against unauthorized payment than ours. And, yet, the administrator there was allowed credit for payments made without the required affidavit.

A few short excerpts from similar holdings in Illinois, Louisiana and Mississippi may be helpful. They are as follows:

"An executor who pays a claim against the estate before allowance takes upon himself the burden of proving its validity, in order to obtain credit therefor according to the class in which it belongs. Millard v. Harris, 119 Ill., 185, 10 N. E., 387, affirming judgment Harris v. Millard, 17 Ill. App. (17 Bradw.), 512."

"An executor who pays a claim against the estate before allowance will be entitled to credit for such a claim if valid when paid, even though not reported until after the lapse of the two years from the granting of his letters, prescribed by Rev. St. c. 3, Sec. 70, as the time within which all claims must be presented. Millard v. Harris, 119 Ill., 185, 10 N. E., 387, affirming judgment Harris v. Millard, 17 Ill. App. (Bradw.), 512."

"Payments without an order of court are irregular, and, if higher claims afterwards appear, the executor will be personally responsible; but when they exonerate the estate from legal charges, and thereby benefit the heirs, the latter must show that they are unfounded or excessive, or they will be allowed the party making them, though without authority to receive the funds of the estate and pay its debts. McCombs v. Dunbar, 3 La., 517; Succession of Williams, 7 Rob., 46; Rouly v. Berard, 11 Rob., 478."

"Where an executrix has paid debts due by the succession, though without authority, she will be entitled to credit therefor. Depas v. Riez, 2 La., Ann., 30."

"In making voluntary payments, an administrator only assumes upon himself the responsibility of showing, in any future contest with the distributees, that the debts, though paid voluntarily, were such as could have been legally enforced against the estate; and he is to be regarded in no worse position than the creditor was at the time of payment. Roberts v. Rogers, 28 Miss. (Cushm.), 152, 61 Am. Dec., 542."

So far as we have been able to ascertain, the courts of all States are in accord with our views except where certain courts were bound by express statutes to the contrary. Under those circumstances, the courts were not free to act otherwise. The

justice of this situation has appealed to every court unless it was cut off from relief by a clear and express statute to the contrary.

The Court of Civil Appeals herein says that if the contention of the administrator be correct then he could be allowed credit for payments made on claims barred by limitation. We do not think so. A claim cannot be said to be *due* and just when it is barred. We mean to hold only that the administrator may have credit, in his final account, for such payments only as he was authorized under the law to make at the time he made them. In other words, the claims paid must have been *legally* due. Expressed in another way, the administrator must show that he would have allowed them, under terms of law, had they been properly authenticated. Such a holding does no possible injustice to the heirs. The latter are not harmed by it. They are not entitled, either in law or morals, to the property of an estate until its just and legally due obligations have been paid. On the other hand, the view contrary to ours would work an awful hardship on the administrator. We do not believe our answers herein are contrary to any Texas decision. We think, as shown, they are in line with our own Supreme Court, as well as the courts of last resort in practically all the other States. The Missouri judge said he was unable to find any decision to the contrary. As already stated, we have had the same experience except in a few States where this holding is expressly cut off by definite statute.

For the reasons we have indicated, we recommend that the first question certified be answered in the negative and the second in the affirmative.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified.

C. M. Cureton, Chief Justice.