## PFEIFER v. JOHNSON.
### No. 7943.

Court of Civil Appeals of Texas. Austin.
Feb. 28, 1934.

Yelderman & Yelderman, of Austin, for appellant.

BLAIR, Justice.

This litigation arose out of the following facts and transactions: Appellant, Paul H. Pfeifer, and J. O. Baggett were real estate brokers. J. O. Torn and wife owned certain real estate, and by letter dated January 5, 1931, authorized Pfeifer and Baggett to procure a purchaser for said land at a price of $2,650; the sum of $900 to be paid in cash, and the assumption of a certain described note for the balance. By written memoranda beneath the signature of Torn to the aforementioned letter, appellee, Ida S. Johnson, joined by her husband, T. J. Johnson, agreed to purchase the land at the price of $2,600, to be paid $850 in cash and the assumption of the described note. On the same day, January 5, 1931, appellee deposited with appellant, Pfeifer, $200 as "earnest money * * * subject to title being good with abstract to date, to be deeded to Ida S. Johnson as her individual property." Torn and wife executed a deed conveying the property to appellee, Ida S. Johnson; reciting $850 in cash and the assumption of the note described. Later appellee contended that she agreed to pay cash for the property; and Pfeifer and Baggett obtained a release of the note and tendered the deed and release to appellee. The trade was not consummated; and appellee, Ida S. Johnson, instituted this suit in the justice court against appellant, Paul H. Pfeifer, for the $200, alleging in the citation that he agreed to sell her certain real estate, that she paid him $200, but that appellant "failed to submit good evidence of title to said real estate," and had refused upon demand to return the $200. Appellant impleaded J. O. Baggett and J. O. Torn and his wife, Ferida Torn, alleging that the $200 was deposited with him as "earnest money" in connection with the real estate transaction, and that said parties were each claiming an interest in the money. By their answer appellant, Pfeifer, and J. O. Baggett alleged that they were due $130 of the money as a broker's commission, and were damaged in that sum because appellee had breached her contract to pur-

chase the real estate; and, after being impleaded, defendants Torn and wife claimed the balance of the $200 as damages resulting from the breach of the contract by appellee to purchase their real estate.

In the justice court judgment was for appellee for $200 against all of the defendants; and they perfected their joint appeal to the county court on a supersedeas bond.

On the trial in the county court, one special issue was submitted to the jury, which reads as follows: "Did defendants comply with the terms of the agreement by furnishing a good title and by tendering a good and sufficient deed of conveyance?" The jury answered: "No."

The judgment of the court recited that, "upon the above verdict and upon the undisputed evidence in other respects, and agreement of the parties through their counsel in open court with respect to all matters other than the one issue submitted, the court is of the opinion and so finds that plaintiff should recover."

The court further decreed "that the plaintiff Ida S. Johnson do have and recover of and from the defendant Paul H. Pfeifer and his said sureties (jointly and severally) the sum of $200.00, together with interest." Other than stated, the judgment did not undertake to specifically dispose of either of the other defendants, nor of their respective claims of interest in the $200 in controversy.

No objection was made to the manner or form of the special issue submitted, and appellant's first complaint here is that the finding of the jury is unsupported in the evidence, and that it is contrary to the great preponderance of the evidence, in that the evidence showed that an abstract showing good and merchantable title was delivered to appellee, and that a good and sufficient deed conveying the property to her was delivered to her for inspection and acceptance, and that she refused to accept same and to comply with the terms of her contract.

Appellee testified, however, that no abstract of title was ever delivered or offered to her; and upon this conflicting evidence the jury found that the defendants did not comply with the terms of the agreement by furnishing a good title and by tendering a good and sufficient deed.

This evidence of appellee is sufficient to support a finding that appellant and the other defendants never actually furnished, delivered, or offered to deliver to appellee an abstract of title to the land. Since this is true, it is not necessarily important whether defendants could have delivered an abstract showing good and merchantable title to the land in the Torns. However, if it should be held that the overwhelming weight of the evidence showed that an abstract of title was delivered or offered to appellee for acceptance by the defendants, still the evidence failed to disclose whether the abstract showed good and merchantable title in the Torns. The abstract of title was not offered in evidence. An attorney who examined the abstract for the holder of the note described in the contract and deed was permitted to testify without objection that he examined the title in 1930, and that, "I consider the title good," but further testified that "I don't consider this exactly a limitation title. I know there are some companies, particularly oil companies, that wouldn't or might not want to take such a title. Yes, I know they sometimes clear them up by a suit in trespass to try title." The question of whether the abstract showed good and merchantable title was one of law for the court. If the title was only a limitation title, then the rule is well settled in this state that limitation title is not a "good" or "merchantable" title within the meaning of those terms as used in contracts requiring an abstract showing a good or merchantable title in the vendor. Owens v. Jackson (Tex. Civ. App.) 35 S.W.(2d) 186, and cases there cited. Such being the state of the record, we have reached the conclusion that the trial court necessarily disposed of the issue of sufficiency of title under the recitation in the judgment that "upon the above verdict and upon the undisputed evidence in other respects, and agreement of the parties through their counsel in open court with respect to all matters other than the one issue submitted, the court is of the opinion and so finds that plaintiff should recover."

Appellant's remaining contention is that, since the judgment did not undertake to dispose of either of the other defendants or their respective claims to the $200 in controversy, the judgment is not final, and that, since he held the money in trust, he is entitled to have this court set aside or correct the judgment, so that he may not hereafter be subjected to suit by any defendant claimant for paying the entire $200 to appellee. We do not sustain this contention.

It is true that a judgment which makes no disposition of the case as to one or more of several defendants is not final. However, it is likewise well settled that the legal and statutory rule requiring that only "one

final judgment shall be rendered in any cause" is "met if the parties and issues are disposed of by necessary implication." 25 Tex. Jur., 370, § 7; McKenzie v. Withers, 109 Tex. 255, 206 S. W. 503; Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161. The recitation in the judgment that, upon the verdict of the jury and agreements of the parties in open court with regard to all other matters not submitted in the one issue, the court finds that "plaintiff should recover," by necessary implication disposes of all defendants and issues in the case. The rule is also well settled that, where the subject-matter in controversy is awarded to some of the parties, and one or more of them get nothing, this is tantamount to a judgment against each of them. Whitmire v. Powell, 103 Tex. 232, 125 S. W. 889; 25 Tex. Jur. 371. The suit in the instant case was to recover $200.00 deposited with appellant as "earnest money" in connection with the real estate transaction. The judgment was against appellant, who held it in trust for the rightful owner for the entire amount. Thus one party was awarded the subject-matter of the suit; and, since neither of the defendants was awarded anything, this amounts to a judgment against each of them.

The judgment of the trial court will be affirmed.

Affirmed.