ROEDENBECK FARMS, INC., ET AL. V. J. E. BROUSSARD ET AL.
H. MERLYN CRISTIE ET AL V. J. E. BROUSSARD ET AL.

Decided April 19, 1939.
Applications Nos. 24107 and 24108.
(127 S. W., 2d Series, 168.)

*Fulbright, Crooker & Freeman, Kemper, Hicks & Cramer, C. A. Leddy, and F. Warren Hicks,* all of Houston, for plaintiffs in error, Roedenbeck Farms, Inc., et al.

*Frank A. Liddell, Cole, Patterson & Cole, Ewing Werlein, Edward S. Boyles, J. R. Hill, P. Harvey, Lewis Dickson, Cecil N. Cook, John C. Dawson,* and *Kayser, Liddell, Benbow & Butler,* all of Houston, *R. E. Schneider, Jr.,* of George West, *E. H. Cain,* of Anahuac, and *LeRoy McCall,* of Beaumont, for plaintiffs in error, H. Merlyn Cristie et al.

*E. B. Pickett, Jr.,* of Liberty, *Guy C. Jackson, Jr.,* and *A. W. Marshall,* both of Anahuac, *Felix A. Raymer,* of Houston, and *Orgain, Carroll & Bell, W. D. Gordon,* and *E. E. Easterling,* all of Beaumont, for defendants in error Broussard, et al.

PER CURIAM.

The above numbered and styled applications for writs of error are refused. It is deemed advisable, in view of the fact that the question presented by the twenty-first assignment of error in Application No. 24,108 by H. Merlyn Cristie, et al., is not discussed in the opinion of the Court of Civil Appeals, to state that the said twenty-first assignment of error is not sustained, because it is the opinion of the court that the trial court's judgment as a whole is correctly construed as adjuding to the cross plaintiffs H. Merlyn Cristie, et al., the title and ownership of the overriding royalties or oil payments described in two assignments to Humble Oil & Refining Company, the first from Clayton N. Smith and F. L. Luckel, dated March 16, 1935, and the second from Clayton N. Smith, dated April 18, 1935, and more fully described in the trial court's judgment, against all of the cross defendants named in the cross action of the said H. Merlyn Cristie, et al., including J. E. Broussard and the cross defendants claiming under him.

The overriding royalties or oil payments are by the trial court's judgment awarded to the said cross plaintiffs and it is

in substance adjudged thereby that they shall be paid and delivered to the said parties out of the seven-eighths working interest held by Humble Oil & Refining Company. These provisions of the judgment by necessary implication deny to all of the parties, other than those to whom they are awarded, any ownership of or right to the said overriding royalties or oil payments. Whitmire v. Powell, 103 Texas 232, 125 S. W. 889; Trammell v. Rosen, 106 Texas 132, 157 S. W. 1161; De Zavala v. Scanlan, (Com. App.) 65 S. W. (2d) 489.

Opinion adopted by the Supreme Court April 19, 1939.