FURNITURE DYNAMICS, INC.,
Appellant,

v.

ESTATE of Daniel Kevin HURLEY,
Deceased, Appellee.

No. 19335.

Court of Civil Appeals of Texas,
Dallas.

Dec. 9, 1977.

Raymond E. North, Dallas, for appellant.

Thomas H. Cantrill, Jenkens & Gilchrist, Dallas, for appellee.

AKIN, Justice.

Plaintiff, Furniture Dynamics, Inc., is appealing from an order disallowing its claim filed in the Estate of Daniel Hurley. The probate court disapproved the claim on the grounds that it was barred by res judicata and by limitations. We hold that appellant's claim was not barred and, accordingly, we reverse the order and remand for further proceedings, not inconsistent with this opinion.

Appellant had filed an earlier claim with the Estate of Daniel Hurley on March 29, 1976. On April 14, 1976, the administratrix allowed this claim, but the probate court on December 7, 1976, disapproved it on the ground that the form of the affidavit to the claim did not comply with the requirements of the Texas Probate Code in that although the vice president of Furniture Dynamics, Inc., Jack Christiansen, had signed the claim in his corporate capacity, the jurat used was a form for an individual rather than a vice president of a corporation. No appeal was taken from that order. Subsequently, on January 26, 1977, after apparently hiring an attorney, appellant filed another claim on the same debt, this time with the appropriate corporate jurat attached. The administratrix again allowed the claim, but the probate court disapproved the claim on the grounds that it was barred by res judicata and limitations, and on the ground that the previous order of December 7, 1976, was final.

Appellant argues that res judicata is not applicable here because there was no decision on the merits in the December 7, 1976, order which disallowed the claim for a defect in form. We agree. It is well settled that in order for a judgment to be res judicata it must be rendered on the merits of the controversy. *Curtis Publishing Co. v. Mitchell,* 92 S.W.2d 488 (Tex.Civ.App.-Dallas 1936, no writ); *Swenson v. Swenson,* 420 S.W.2d 638 (Tex.Civ.App.-Houston [14th Dist.] 1967, writ dism'd). Here, the order entered by the probate court affirmatively shows that there was no adjudication on the merits. The relevant portion of the order recites:

> . . . [I]t appearing to the court that the *form of said claim* does not comply with the requirements of the Texas Probate Code, said claim is hereby disapproved. [Emphasis added]

Likewise, where an order or judgment is a ruling on a technical or procedural aspect of the case, it is not res judicata. *Swenson v.*

*Swenson, supra.* Thus, appellant's claim, disapproved on the basis of improper form, was a procedural ruling rather than an adjudication on the merits. Consequently, the December 7 order cannot be res judicata of the claim as a matter of law.

Neither is the claim barred by limitations. The general statute of limitations set forth in Tex.Bus. & Comm.Code Ann. § 2.725 (Vernon 1968) pertaining to accounts is four years. *Wilson v. Browning Arms Co.,* 501 S.W.2d 705, 706 (Tex.Civ. App.-Houston [14th Dist.] 1973, writ ref'd). The record shows that the basis of the claim is invoices dated in February and March of 1974. This claim was filed in January of 1977, clearly within the four year statute. Consequently, § 298(c) of the Texas Probate Code (Vernon 1956), which directs the probate court to disapprove claims barred by a general statute of limitations, is inapplicable.

Finally, appellee argues that the order of the probate court should be affirmed because the order of December 7, 1976, became final thirty days thereafter. Appellee reasons that since § 312(d) of the Texas Probate Code states that any court action on a claim has the same force and effect of a final judgment, and since Tex.R.Civ.P. 329b(5) provides that a judgment becomes final within thirty days after rendition, if no motion for new trial is filed, the December 7, 1976, order was final. We cannot agree because even though the disapproval may have been final in the sense that it would have been subject to appeal, it was not an adjudication of the claim on the merits and, therefore, did not bar another claim on the same account.

Because § 312(c) of the code provides that even if a claim is properly authenticated and allowed by the personal representative, if the court is not satisfied that the claim is just, it may hear evidence to determine this question, we reverse and remand, rather than render, so that the court may satisfy itself with respect to the claim's justness.

We confess that we are at a loss to understand why the trial court, after allowance of the earlier claim by the administratrix, held it from April 21 to December 7, and then disapproved it for an obvious error in form without allowing the claimant an opportunity to amend and correct. Since the only defect was in the jurat, and the administratrix had allowed it, the court would have been justified in approving it without correction. *See Jones v. Gibbs,* 133 Tex. 627, 130 S.W.2d 265, 270 (1939); *Trammell v. Blackburn,* 116 Tex. 388, 292 S.W. 169 (1927); *Lockhart v. White,* 18 Tex. 102, 109 (1856). This extraordinary action of the probate court may have delayed the closing of the estate. Certainly, it has resulted in unwarranted expense to both the estate and claimant, as well as unnecessary diversion of judicial time, both in the trial court and on this appeal.

Reversed and remanded.