Raymond D. ANDERSON, Appellant,

v.

Daniel W. ODEN and David W. Oden, Appellees.

No. 9742.

Court of Appeals of Texas, Texarkana.

Oct. 31, 1989.

Raymond D. Anderson, Keeney, Anderson, Miller, James & Tate, Texarkana, for appellant.

William G. Bullock, Hubbard, Patton, Peek, Haltom & Roberts, Texarkana, for appellees.

PER CURIAM.

Raymond D. Anderson appeals from an order of the County Court of Bowie County allowing reimbursement from the estate of Irene Oden for expenses paid on behalf of the estate by Daniel W. Oden, executor, and by David W. Oden.

Anderson complains that the trial court erred in entering the order granting reimbursements because the claims were not authenticated, because the executor did not file his claims within six months after becoming the executor, and because most of the claims were barred by the four-year statute of limitations.

Irene Oden died leaving a holographic will on May 20, 1984. She was survived by five children: Daniel W. Oden, David W. Oden, Audrey Oden, Ronald D. Oden, and Barbara Jean Oden Zelenca. For several years prior to her death, Irene Oden had owned a community property one-half interest in 24.748 acres of land in Bowie County, Texas. Irene's husband, David R. Oden, had predeceased her, and his community one-half interest in the land was inherited by the same five children.

On January 23, 1984 (prior to Irene's death), David W. Oden and Daniel W. Oden paid the delinquent real property taxes for the years 1963 through 1983 on the tract of land. Daniel Oden paid $500 of the taxes, and David W. Oden paid $1,000.

After the death of Irene Oden, Barbara Oden Zelenca was appointed administratrix of the estate of Irene Oden. Zelenca died without having filed an inventory, marshalling the assets of the estate, or paying the debts of the estate. After her death, Daniel Oden filed an application for probate of Irene Oden's holographic will. The will was admitted to probate, and Daniel Oden was granted letters testamentary appointing him dependent executor on February 17, 1987.[1]

One of the children of Irene and David R. Oden assigned Anderson a one-fifth interest in the tract of land. This consisted of one-fifth of both Irene Oden's and David R. Oden's community interests. On October 13, 1987, Anderson filed an application for partial distribution of the estate. The 24.748 acres constituted the bulk of the estate. On October 16, 1987, Daniel Oden filed an unverified application for reimbursement on his behalf and also on behalf of his brother, David W. Oden, requesting that the proceeds from the sale of the land be used to reimburse them for monies expended for the funeral and last illness expenses, property taxes and administration costs.

The trial court states in the findings of fact that Daniel Oden and David W. Oden had personally incurred expenses for the benefit of the estate and the property of the estate. The court also made a finding that these expenditures were necessary, proper and a benefit to the estate and that the estate had no funds to reimburse Daniel Oden and David Oden. The court then ordered that Daniel Oden be reimbursed the sum of $2,764.24 and that David W. Oden be reimbursed the sum of $3,433.55 from the proceeds of the sale of Irene

---

1. The term *executor* is generally used to indicate a person who has been appointed as executor by the terms of a will. The holographic will in the present case states, "administrator Daniel W. Oden." Thus, the will itself does not designate Daniel W. Oden as the executor. Zelenca apparently did not offer the will in probate, but rather sought an administration of the estate on the basis that Irene had died intestate. This situation does not fit into any of the designations generally used. If there had been no will and if David W. Oden had succeeded the administrator, his designation would properly be administrator *de bonis non,* often abbrevated d.b.n. If he had succeeded as executor, his designation would have been administrator *cum testamento annexo,* abbreviated c.t.a. 18 M. Woodward & E. Smith, *Probate and Decedents' Estates* § 666 (Texas Practice 1971).

Oden's one-half interest in the tract of land. These were the net figures after various offsets and credits had been allowed.

No statement of facts was filed in this case. The judgment recites that on the 16th day of November, 1987, a hearing was held on the application for reimbursement and the application for partial distribution of the estate, and that testimony was presented before a master. The judgment also recites that several other hearings were held before the master. The findings of fact are incorporated in the same instrument as the order on the application for reimbursement. The order is signed by the county judge, and it certifies that hearings were conducted and that the findings of fact and order were recommended to the court by the master.

In the absence of a statement of facts, it must be presumed that sufficient evidence was introduced to support the findings of fact by the trial court. *In Interest of Galliher*, 546 S.W.2d 665 (Tex.Civ.App.–Beaumont 1977, no writ). Anderson does not complain about the findings of fact or the sufficiency of the evidence, nor does he deny the validity of the claims. Rather, he contends that the reimbursements are invalid because they were not properly presented in accordance with Section 301 and Section 317 of the Probate Code. Section 301 requires all claims to be authenticated:

> [N]o personal representative of a decedent's estate ... shall allow, and the court shall not approve, a claim for money against such estate, *unless such claim be supported by an affidavit* that the claim is just and that all legal offsets, payments, and credits known to the affiant have been allowed.

Tex.Prob.Code Ann. § 301 (Vernon 1980) (emphasis added). Section 301 deals only with executors and administrators.

■ The purpose of this probate provision is to afford protection to estates of deceased persons against unjust demand and to save the expense of litigation over those that are just and should be paid.

*W.P. Converse & Co. v. Sorley*, 39 Tex. 515 (1873).

The pertinent part of Section 317 is as follows:

> The foregoing provisions of this Code relative to the presentation of claims against an estate shall not be construed to apply to any claim of the executor or administrator against his *testator* or *intestate;* but an executor or administrator holding such claims shall file the same in the court granting his letters, *verified by affidavit* as required in other cases, within six months after he is qualified, or such claims shall be barred.

Tex.Prob.Code Ann. § 317(a) (Vernon 1980) (emphasis added).

Anderson contends that the failure to comply with the verification requirement renders the claims void, citing *Ramsay v. Rouse*, 68 S.W.2d 317 (Tex.Civ.App.–Texarkana 1934, writ ref'd); *Dent v. A. Harris & Co.*, 255 S.W. 221 (Tex.Civ.App.–Dallas 1923, no writ). The Commission in *Jones v. Gibbs*, 133 Tex. 627, 130 S.W.2d 265 (Tex. Comm'n App. 1939, opinion adopted), found that a claim without verification is not void if it is shown that it was in fact owed by the deceased. There are other cases holding that an administrator was entitled to credit for money paid upon a claim not properly authenticated or not authenticated at all. *See Wessendorff v. Aylor*, 5 S.W.2d 793 (Tex.Civ.App.–Galveston 1928, writ ref'd); *Scott v. Taylor*, 294 S.W. 227 (Tex. Civ.App.–Amarillo 1927, no writ); *Parsons v. Parsons*, 275 S.W. 200 (Tex.Civ.App.–Texarkana 1925), *aff'd* 284 S.W. 933 (Tex. Comm'n App.1926, opinion adopted); *Hanlon v. Wheeler*, 45 S.W. 821 (Tex.Civ.App. 1898, writ ref'd).

■ In *Trammell v. Blackburn*, 116 Tex. 388, 292 S.W. 169 (Tex.Comm'n App. 1927, opinion adopted), the Commission had before it a case in which the administrator was seeking approval of his payment of unverified claims. The Commission recognized a distinction between the approval of a claim based upon its verification alone and the establishing of such a claim in a court of competent jurisdiction. The court was construing a statute which allowed the

payment of a claim against an estate when it had been approved by the court *or* established by the judgment of a court of competent jurisdiction. Similar language appears in the present Probate Code in Section 319. A claim supported by sworn evidence in a contested proceeding is the equivalent of a claim supported by an affidavit. To hold otherwise would be to allow form to prevail over substance. The holding in *Trammell* allowed a representative to prove the justice of the items, even though the law has not been followed with reference to verification. If a claim is found to be a valid and subsisting debt against the estate and could have been properly verified, payment is valid even when the claim has not been properly authenticated. *Trammell v. Blackburn*, 292 S.W. at 171. In the *Trammell* case, the administrator was allowed to prove in court, in a proceeding in which all interested parties had notice, that the claims he paid were due and just. In the present case, the Odens proved the validity of the debts, and this finding is not challenged. Under the principle of *Trammell*, the Odens are entitled to reimbursement even though the claims were not properly verified.

■ Section 314 of the Probate Code provides that a legal presentment of a claim to the representative of an estate is a prerequisite to seeking a judgment on the basis of the claim. Tex.Prob.Code Ann. § 314 (Vernon 1980). It has been held that such a presentment requires proper authentication of the claim when presented. *Whitmire v. Powell*, 117 S.W. 433 (Tex.Civ.App.1909), *rev'd on other grounds*, 103 Tex. 232, 125 S.W. 889 (1910).

The Odens contend that any defect in form was waived pursuant to Section 302 of the Probate Code which states the following:

Any defect of form, or claim of insufficiency of exhibits or vouchers presented, shall be deemed *waived by the personal representative* unless written objection thereto has been made within thirty days after presentment of the claim, and filed with the county clerk.

Tex.Prob.Code Ann. § 302 (Vernon 1980) (emphasis added).

If this were applied to the present situation, it would place Daniel Oden as the personal representative of the estate of Irene Oden in the peculiar position of being required to file written objections to his own claim and to a claim which he had filed on behalf of his brother. We cannot believe that this section was intended to apply to claims made by the personal representative and that this section could create a waiver that would apply to Anderson. However, the Legislature in writing the Probate Code apparently contemplated requiring an objection as to form to give the claimant an opportunity to correct the form. Section 312(a) of the Probate Code provides that any person interested in an estate may, at any time before the court has acted upon a claim, appear and object in writing to the approval of the claim. Tex.Prob.Code Ann. § 312(a) (Vernon 1980). Furthermore, Rule 52(a) of the Texas Rules of Appellate Procedure requires that in order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds if not apparent from the context, and must further obtain a ruling from the trial court. We have been referred to nothing in the record showing that this complaint was made in any form to the trial court. Thus, no error was preserved.

Anderson also urges that Daniel Oden, as administrator, was barred from recovering because he had not filed his claim within six months after he was qualified as administrator. Oden was appointed personal representative of the estate on February 17, 1987. His application for reimbursement was filed October 16, 1987. Thus, the time between his appointment and his claim exceeded the six months. Again any error as to these claims was not preserved because no objection is contained in the record. This is required in order to preserve a complaint for appellate review as was previously discussed.

■ Anderson also contends that the claims are barred by the four-year statute

of limitations. Tex.Civ.Prac. & Rem.Code Ann. § 16.004 (Vernon 1986). The Odens correctly contend that as co-tenants in the property, the statute of limitations would not run against them for payment of the property taxes to protect the land in question. *Duke v. Squibb*, 392 S.W.2d 885 (Tex. Civ.App.–Texarkana 1965, no writ). This principle, however, applies only to matters that directly involve the property, such as a payment of taxes, insurance premiums, and cost of improvement and repairs on the property. It does not apply to indebtedness not related to the property, such as the medical expenses, funeral expenses, and legal expenses involved in this case.

Section 299 of the Probate Code provides for a tolling of the general statutes of limitations when a claim is filed which is legally allowed and approved. Tex.Prob. Code Ann. § 299 (Vernon 1980). In *Furniture Dynamics v. Estate of Hurley*, 560 S.W.2d 486 (Tex.Civ.App.–Dallas 1977, no writ), the court held that the filing of the claim was within four years, and thus the claim was not barred by the four-year statute of limitations. In the present case, all of the claims were incurred in 1984 and 1985. The application for reimbursement was filed on October 16, 1987. Therefore, all of the claims fell within the four-year limitations period.

The judgment of the trial court is affirmed.