[File No. 6195.]

PEOPLE'S STATE BANK OF VELVA, NORTH DAKOTA, a Corporation, Respondent, v. BORGHILD THOMPSON et al., Appellants.

(253 N. W. 742.)

Opinion filed March 24, 1934.

*Albert Weber,* for appellants.

*Nels G. Johnson,* for respondent.

Burr, Ch. J.  The administrator of the estate of Simon Thompson decedent duly notified creditors to present their claims to him "at the law office of Albert Weber in the city of Towner, in said McHenry county, or to the Judge of the County Court of McHenry County, at

474

his office in the Court in the city of Towner . . .," and the plaintiff filed with the county judge a verified claim showing that on February 7, 1925, Simon Thompson had executed his promissory note to the bank which note was due October 1, 1925, with interest; but did not attach the note nor a copy thereof.

Copy of this claim was mailed to the administrator and the county judge noted on the claim that it was filed in his office on January 19, 1927.

The administrator filed his final report which showed that no claim had been filed, and no moneys paid out except what was paid to his counsel. This report was allowed July 18, 1927, and on July 28, 1927, the court made its final decree of distribution and discharged the administrator.

About three years thereafter the cashier of the bank learned that the estate had been closed. Apparently this was the first time the bank had actual knowledge of the situation. On September 9, 1930, he commenced this action in equity to set aside the final decree and re-open the probate to subject the estate to the claim of the plaintiff.

Plaintiff claims the right to maintain this action because of the provisions of § 8809 of the Compiled Laws, which says:

". . . An action to set aside a decree directing or confirming a sale or otherwise disposing of such property may be instituted and maintained at any time within three years from the discovery of the fraud or other ground upon which the action is based."

In its complaint the plaintiff shows the filing of this claim and alleges that the administrator "through error and mistake overlooked said claim and failed to take the same into consideration in closing said estate and the county court of McHenry county also failed to take into consideration said claim in closing said estate and through such error and mistake . . . the plaintiff has suffered injury thereby and is now unable to collect such claim by any action of law and is without legal remedy."

The answer sets up mainly that the plaintiff's claim "was never presented to the administrator of said estate as required by law and his approval or disapproval endorsed thereon; that the failure of plaintiff to obtain such approval or disapproval was due to the laches and neglect of said plaintiff and plaintiff is now estopped from asserting such

claim . . . that the cause of action . . . is barred by the provisions of article 8 and article 9 of chapter 6 of the Probate Code, and all other Acts or parts of Acts applicable thereto."

Section 8544a11 of the Supplement makes provision for the proof of claims which are filed with the executor or administrator and says:

". . . If the claim is founded on a bond, bill, note or other instrument, a copy of such instrument must accompany the claim, and the original instrument must be exhibited, if demanded, unless it is lost or destroyed."

The record is silent as to why no reference was made to the claim that was filed. The county judge, who presided, was dead at the time of the hearing of this case. Whether the county judge forgot, or overlooked the claim that was filed, or considered no claim had ever been filed because no copy of the note accompanied the claim does not appear. It is clear that counsel for the administrator had no actual knowledge of the filing of the claim. The record shows that a copy of the claim had been mailed to the administrator; but the record is silent as to whether he overlooked or forgot the claim or considered there was no claim because no copy of the note was attached.

It is true that by the provisions of § 8544a13 of the Supplement the county judge is required to give notice by registered mail to a claimant of the rejection of his claim, if the claim be rejected in whole or in part. The record shows no notice of rejection was received by the claimant. But this refers to a claim that is properly presented.

If the claim be not properly presented it may be ignored, as it is the duty of the claimant to see that his claim is presented as required by statute.

This is an action in equity. The plaintiff must show equitable grounds and as a preliminary must show that he did all that was required or at least was prevented from doing it by an act of the defendants. If the probate of the estate were reopened the plaintiff would be required to file a new claim, or amend the one filed in an important particular, before it could ask the administrator or the county court to pass upon this claim and then it would be confronted with the fact that it is barred by the statute of limitation.

Section 8544a10 of the Supplement requires:

"All claims arising upon contract, . . . must be presented within

the time limited in the notice and any claim not so presented is barred forever."

It is true that under the provisions of § 8544a14 of the Supplement "no claim against any estate which has been presented is affected by the statute of limitations, pending the proceedings for the settlement of the estate." But this claim was not presented as required by statute. It is also true that this claim was not "barred by the statute of limitations at the time of the death of the decedent," and that any claim barred at that time is not to be "allowed by the court either in favor of or against the estate." But the claim is now barred and the defense of the statute of limitations is a good defense.

In Kranz v. Tavis, 49 N. D. 553, 192 N. W. 176, we held that § 8809 of the Compiled Laws "does not create a new remedy, or confer a new right of action, but merely recognizes the existing rule that a judgment may be vacated by an equitable action upon certain grounds, and limits the time in which such action may be brought," but the plaintiff must show equitable grounds for interference. Not having properly presented its claim the plaintiff is not in position to charge either the county judge or the administrator with neglect or failure of official duty in not giving notice of rejection.

We are constrained to hold that no equitable grounds are shown for reopening the probate of the estate and so the judgment is reversed and the case dismissed.

NUESSLE, BURKE and CHRISTIANSON, JJ., concur.

MOELLRING, J., did not participate.