[File No. 6363.]

MRS. M. L. SWANSON, Respondent, v. J. O. WIGEN, as Administrator of the Estate of Eliza Shay, Deceased, Appellant.

(265 N. W. 413.)

Opinion filed February 21, 1936.

*F. M. Jackson,* for appellant.

*M. E. Remmen* and *C. M. Dunn,* for respondent.

NUESSLE, J. The plaintiff, Mrs. M. L. Swanson, is a resident of

Hettinger. There she kept a lodging house. James Shay and his wife Eliza Shay lived on a farm some miles south of Hettinger. They were elderly people and somewhat infirm. During the fall of 1925, James Shay required medical treatment. In order to obtain it he went to Hettinger. He obtained a room with the plaintiff. Owing to his enfeebled condition the plaintiff also provided him with board and some personal care. He remained there at that time for some five weeks. Thereafter at intervals during the years 1926 and 1927, he again took lodgings with the plaintiff and she cared for him as in the first instance. The latter part of 1927, Mrs. Shay also went to Hettinger to obtain medical treatment. She too procured lodgings with the plaintiff. In December, 1927, the Shays bought a house and lot in Hettinger and moved into the same. The plaintiff thereafter performed some services in the way of looking after them and helping them take care of their business affairs. Mr. Shay died in January, 1929, and Mrs. Shay on September 20th of the same year. The defendant Wigen was appointed as administrator of Mrs. Shay's estate and duly qualified under this appointment. In 1930 he published the statutory notice to creditors to present their claims. Thereafter Mrs. Swanson filed with him her claim for board, lodging, and for services performed in caring for and looking after Mr. and Mrs. Shay. The amount of this claim was $1385. The claim was rejected by the administrator. Then this suit was brought. The case was tried to a jury. The plaintiff had a verdict. Judgment was entered thereon. Thereafter the defendant moved for judgment notwithstanding the verdict or for a new trial. The motion was denied and he perfected the instant appeal.

The grounds on which the defendant moved for judgment notwithstanding the verdict or for a new trial, and on which he relies on this appeal, were that the evidence was insufficient to sustain the verdict and judgment; that the trial court erred in denying his motion for a continuance; that the court erred in rulings on questions of evidence during the course of the trial, and in giving certain instructions to the jury.

The plaintiff's claim for board, room and personal attention during the times Mr. and Mrs. Shay lived at her lodging house aggregated $1205. This charge was at the rate of $25 per week for each of them

while they were there. Other items charged were, one for $10 for one week's board and room for Mrs. Shay after the death of Mr. Shay, and one for $100 for two years' advice, aid, and assistance in carrying on their domestic and business affairs from the time they established their own home in Hettinger until the death of Mrs. Shay. During all of the period from July, 1925, to the time of Mrs. Shay's death in September, 1929, only $30 was paid to the plaintiff by the Shays, and this payment was made in December, 1927.

The plaintiff's testimony is that there never was any agreement as to the compensation she should receive from the Shays, and that nothing was ever said to either of them concerning their account or the payment thereof. $1075 of the charge made for lodging, board and care was on account of Mr. Shay. These items were incurred before Mrs. Shay went to live at the plaintiff's lodging house. Plaintiff testified that all of the items of the account were charged against Mr. and Mrs. Shay for the reason that Mrs. Shay held all the property in her name and therefore she was responsible for such items as were furnished Mr. Shay. There is, however, no evidence in the record tending to show that Mrs. Shay knew of the manner in which this charge was made or that there was any claim that Mrs. Shay was chargeable therewith. Other than plaintiff's statement of her reason for charging the items as she did, there is no testimony that Mr. Shay had no property or was without means wherewith to pay. Plaintiff's bookkeeping was rather primitive. All the items of the account are set forth on a single page of a small ledger. This ledger page is in evidence.

The defendant's first and principal contention is that the evidence is insufficient to sustain the verdict and judgment. Among other contentions advanced in that behalf is that there is no evidence in the record that the claim presented to him was supported by the affidavit of the plaintiff or someone in her behalf as is required by the statute, § 8544a11, 1925 Supplement, and that no copy of the claim was in fact presented or offered and received in evidence.

In her complaint plaintiff alleged that she had provided board and lodging and had performed services worth and of the value as alleged and that the same had not been paid for, that she had presented her claim on account of these items to the administrator and that the claim

had been rejected. Defendant in his answer denied that the board, lodging and services had been furnished and performed as set out in the complaint, and denied that the estate was in any way indebted to the plaintiff. He admitted that the plaintiff had filed her claim for $1385 with the administrator and that the administrator disallowed the same and gave notice thereof to the plaintiff.

On the trial the defendant was called by the plaintiff as a witness for cross-examination under the statute. The record discloses that a claim marked as Exhibit A was shown him and that the defendant admitted such claim had been presented to him and that he had disallowed the same and notified the plaintiff by letter of such disallowance. Exhibit A, however, was not offered or received in evidence. But there is attached to the complaint and referred to therein, an itemized statement which is marked Exhibit A and which contains the items set out on the page of the ledger that is in evidence. This statement, however, is not supported by any affidavit. The reason for the disallowance of the claim by the administrator is not disclosed.

The statute, § 8544a11, Supplement, among other things, provides that "Every claim which is due when presented to the executor or administrator must be supported by the affidavit of the claimant or some one in his behalf, that the amount is justly due, that no payments have been made which are not credited, and that there are no offsets to the same; to the knowledge of the claimant or affiant."

It seems to us, considering the language of this statute, that a claim presented to an administrator or executor must be supported by the affidavit of the claimant or someone in his behalf and that when it does not affirmatively appear that a claim is thus supported no action will lie for a recovery thereof. See People's State Bank v. Thompson, 64 N. D. 472, 253 N. W. 742, wherein this court held that the provision in § 8544a11, supra, that if the claim be founded on a note or other instrument a copy of such instrument must accompany the claim, was mandatory, and that a claim was not properly presented where there was a failure to comply with this requirement. The statute of California, Section 1494, of the Code of Civil Procedure, is identical with § 8544a11, supra. The California court, construing the provision here in question, held that it was mandatory. See Perkins v. Onyett, 86

Cal. 348, 24 P. 1024; Doolittle v. McConnell, 178 Cal. 697, 174 P. 305. See also 11a, California Jurisprudence, § 538. See also Thurber v. Miller, 14 S. D. 352, 85 N. W. 600; Strickland v. Sandmeyer, 21 Tex. Civ. App. 351, 52 S. W. 87. Accordingly, we hold that the evidence is insufficient to sustain the verdict returned and the judgment entered thereon. No motion for directed verdict was made by the defendant and therefore there was no error in denying that branch of the defendant's motion wherein he asked for judgment notwithstanding the verdict. But the motion for a new trial should have been granted.

In view of this holding it is unnecessary for us to pass upon the other grounds for reversal urged by the defendant.

The judgment is reversed and a new trial ordered.

Burke, Ch. J., and Morris, Burr and Christianson, JJ., concur.